No. 14954

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

ALTON MAURICE PARKER,

Petitioner,

vs.

ROGER W. CRIST-WARDEN MONTANA
STATE PRISON,

Respondent.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

John McDonald, Montana Defender Project, Missoula,
Montana
Jchn E.Riddiough argued, Intern, Montana Defender
Project, Missoula, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
John Maynard argued, Assistant Attorney General,
Helena, Montana
Robert L. Deschamps, III, County Attorney, Missoula,
Montana

_____

Submitted: April 14, 1980

Decided: ꓘEC 26 1980

Filed: DEC 26 1980

Thomas J. Kearney
_____ Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Petitioner Alton Maurice Parker has filed in this Court a pro se petition for post-conviction relief. He alleges several errors relating to his trial, conviction and sentence to life imprisonment on seven counts of armed robbery and one count of assault in the District Court of Missoula County in 1971.

The charges against petitioner arose out of an armed robbery of seven persons and a pistol whipping of one in a bar in Milltown, Montana, on December 26, 1970. Petitioner was charged by information with one count of armed robbery on July 12, 1971. Court-appointed counsel was assigned to represent petitioner, but before petitioner entered a plea to that charge an amended information was filed charging petitioner with seven counts of armed robbery and one count of assault. Following petitioner's plea of not guilty to each of the charges, a jury trial was held resulting in petitioner's conviction of all charges. Petitioner was sentenced to life imprisonment.

We affirmed petitioner's conviction. State v. Parker (1973), 161 Mont. 394, 506 P.2d 850. Thereafter petitioner filed a motion for the production of records in the District Court which was denied. Petitioner then sought the same relief in this Court. We denied the relief sought. Petition of Parker (1973), 162 Mont. 330, 511 P.2d 973.

Petitioner next sought relief before the Sentence Review Division of this Court. The Sentence Review Division denied relief, leaving his sentence as originally imposed.

Petitioner then filed the present petition for post-conviction relief. We ordered the Attorney General and the Missoula County Attorney to file a written response to the petition. Following receipt of the response we appointed John McDonald of the Montana Defender Project to represent petitioner. Following the filing of briefs, oral argument was heard and the matter was taken under advisement.

Petitioner first contends that court's instruction No. 8 was reversible error entitling him to a new trial. Instruction No. 8 read:

> "In every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence. The intent or intention is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused.
>
> "In order to constitute the offense charged in this case, the intent alleged in the Information is necessary to be proved, but direct and positive testimony is not necessary to prove the intent. It may be inferred from the evidence if there are any facts proved which satisfy the jury, beyond a reasonable doubt, of its existence.
>
> "The law also presumes that a person intends the ordinary consequences of any voluntary act committed by him. The latter presumption, however, is termed a disputable presumption and may be controverted by other evidence."

The penultimate sentence in this instruction is substantially the same as the instruction condemned by the United States Supreme Court in Sandstrom v. Montana (1979), 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39. Although no objection to this instruction was made at the trial, we now review this issue under the "plain error" rule. Section 46-20-702, MCA. See Halldorson v. Halldorson (1977), 175 Mont. 170, 573 P.2d 169.

Petitioner contends that this instruction either shifts the burden of proof on the issue of intent from the State to the defendant or constitutes a conclusive presumption against the defendant, either of which is constitutionally impermissible under Sandstrom. In re Winship (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368; Mullaney v. Wilbur (1975), 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508; Morissette v. United States (1952), 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed 288.

Petitioner's contention fails for three reasons. The instruction itself is clearly a permissive inference and not a conclusive presumption. See County Court of Ulster County v. Allen (1979), 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777; State

- 3 -

v. Coleman (1979), ___Mont.___, 605 P.2d 1000, 36 St.Rep. 2237. The questioned instruction is not a "naked" presumption as in Sandstrom; the instructions as a whole make it abundantly clear that the State bears the burden of proving beyond a reasonable doubt every essential element of the crimes of which the defendant was charged. Finally, we declare that the error, if any, was harmless beyond a reasonable doubt. Chapman v. California (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, rehearing denied 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241; State v. Blackney (1979), ___Mont.___, 605 P.2d 1093, 1099, 36 St.Rep. 2193, 2200-01; State v. Hamilton (1980), ___Mont.___, 605 P.2d 1121, 1131, 37 St.Rep. 70, 81-82. The evidence that the armed robberies and assault had occurred and the perpetrators possessed the requisite intent was overwhelming, the only issue being the identity of the defendant. State v. McKenzie (1980), ___Mont. ___, 608 P.2d 428, 459, 37 St.Rep. 325, 358-9; State v. Hamilton, supra, ___Mont. at___, 605 P.2d at 1132-33, 37 St.Rep. at 82-83. Petitioner must show the invalidity of the presumption as to him or there is no prejudice and no reversible error. State v. Sunday (1980), ___ Mont.___, 609 P.2d 1188, 1196, 37 St.Rep. 561, 569.

Next, petitioner contends that the amended information was improperly filed because no supporting affidavit was filed establishing probable cause.

The facts relating to the filing of the amended information are clear and uncontradicted. The original information charged petitioner with one count of armed robbery naming as victims all seven persons later named in the seven counts of the amended information. Before petitioner entered a plea to the original information, the county attorney filed an amended information with leave of court but without an affidavit establishing probable cause. The amended information charged petitioner with seven counts of armed robbery and one count of

- 4 -

assault. No objection was made by petitioner to the filing of the amended information. Petitioner simply plead not guilty to each of the charges and went to trial. Nor did petitioner in his appeal raise the issue he now seeks to raise in this proceeding. State v. Parker, supra.

The statute in effect at the time of petitioner's trial provided that defects in instituting the prosecution of the case or in the information must be raised before trial and that failure to do so constitutes a waiver of any defects. Former section 95-1702, R.C.M. 1947, now section 46-13-102, MCA. Thus the alleged defects in filing the amended information were waived by petitioner's failure to object prior to trial.

More importantly, the filing of the amended information without an accompanying affidavit establishing probable cause for the seven robbery counts was not error in the context of this case. The purpose of requiring an affidavit or other showing of probable cause before a prosecution is instituted is to prevent unwarranted prosecutions of innocent individuals without proof. Here the affidavit filed with the original information established probable cause as to each victim named in each of the seven counts of robbery in the amended information. The filing of a second affidavit containing the same information and the same showing of probable cause would serve no purpose, would not contravene the policy behind the requirement, and would be superfluous. The law does not require idle acts. Section 1-3-223, MCA.

Petitioner suggests that the reason for filing the multiple charges of robbery was retaliation by the prosecuting attorney against petitioner because plea bargaining negotiations had broken down and petitioner had elected to stand trial rather than plead guilty. The simple answer to this is that this is an unfounded accusation not supported by the record in this case. State v. Sather (1977), 172 Mont. 428, 564 P.2d 1306, cited by

defendant is distinguishable from this case by reason of this difference.

However, the charge of assault is unsupported by any showing of probable cause. Nothing contained in the original affidavit relates to any assault. This is "plain error" of constitutional magnitude that requires reversal of petitioner's conviction of assault, notwithstanding the provisions of former section 95-1702, R.C.M. 1947, previously cited. Due process of law requires no less.

Petitioner also objects to being charged with multiple counts of robbery arising out of the same incident. The State is permitted to do so by the express provisions of statute. Former sections 95-1504 and 95-1711(2), R.C.M. 1947, now sections 46-11-404(1) and 46-11-502, MCA, respectively. Although the propriety of filing such multiple charges has been criticized in some cases (Barnhart v. State (1974), ____Okla.Crim.____, 518 P.2d 1123; People v. Bailey (1974), 38 Cal.App.3d 693, 113 Cal.Rptr. 514; State ex rel. McKenzie v. Dist. Ct.(1974), 165 Mont. 54, 525 P.2d 1211), it is within the discretion of the prosecution to do so under Montana law and accordingly there is no error.

Finally, petitioner contends that he is entitled to post-conviction relief because he was pushed into the courtroom while handcuffed and surrounded by law enforcement officers. Petitioner has produced no evidence that he was seen in handcuffs by any juror. Accordingly, his accusation fails for want of support.

Petitioner's conviction of assault is reversed. As we have no way of determining to what extent this conviction affected the sentence of life imprisonment for all crimes of which petitioner was convicted by jury verdict, the cause is remanded to the District Court of Missoula County with directions to resentence the defendant for the seven counts of armed robbery

of which he was duly and regularly convicted.

_____
Chief Justice

We concur:

_____

_____
Justices

_____
Hon. H. William Coder, District
Judge, sitting in place of Mr.
Justice Gene B. Daly

Mr. Justice Daniel J. Shea, deeming himself disqualified, did not participate in this case.