No. 89-600

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

      Plaintiff and Respondent,

-vs-

ODELL ECKER,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Bradley B. Parrish, Attorney at Law, Lewistown, Montana

      For Respondent:

            Hon. Marc. Racicot, Attorney General, Helena, Montana
Elizabeth Baker, Assistant Attorney General, Helena, Montana
Craig Buehler, County Attorney, Lewistown, Montana

Submitted on Briefs: April 5, 1990

Decided: May 8, 1990

Filed:

FILED
'90 MAY 8 AM 10 28
MONTANA

_____
     Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Odell Ecker, defendant, appeals the decision of the District Court of the Tenth Judicial District, Fergus County, denying his motion to dismiss the amended information charging misdemeanor assault. Defendant alleged that the amended information was not supported by an affidavit establishing probable cause. We affirm the district court.

On September 12, 1988, the deputy county attorney for Fergus County filed an information in the District Court for the Tenth Judicial District, charging the defendant with the offense of criminal endangerment, a felony. In support of the application for leave to file the information, the deputy county attorney filed an affidavit reciting the following facts:

> That on or about the 10th day of August, 1988, Charlene Garoutte was operating her motor vehicle on a highway in Fergus County, Montana near the Coffee Creek, Montana area. That the Defendant Odell Ecker was operating his white pickup truck in the same area. That the Defendant drove his pickup immediately behind the car of Charlene Garoutte and appeared to b[e] trying to hit her car with his pickup, that the Defendant also pulled his truck around Charlene Garoutte[,] got in front of her of her [sic] car and put on his brakes, whereby she had to either swerve around him or crash into the back of his pickup. That Charlene Garoutte then went around him, and the Defendant then again put his pickup right on the rear bumper of her car, as well as tried to pass her and force her off the road. That such activity of the Defendant appeared to create a substantial risk of death or serious bodily injury.

Trial was set for December 14, 1988, and was continued until August 29, 1989.

On August 4, 1989, defendant moved to amend the charge on the ground that the offense of criminal endangerment was not intended to create an offense for conduct involving illegal or negligent operation of motor vehicles, and, if so applied, would be unconstitutionally overbroad. The district court agreed with defendant and granted the motion to amend, ruling that the amended charge should be a misdemeanor assault in violation of § 45-5-201(1)(d), MCA. Defendant raised no objection to this ruling, and the court directed defense counsel to prepare the order. An order was subsequently entered expressing the court's determination that,

> the facts stated in the Affidavit in Support of the Motion for Leave to File Information concerning the alleged incident more precisely support a charge of assault under M.C.A. Section 45-5-201(1)(d) rather than the offense charged in the Information under M.C.A. Section 45-5-207. (Emphasis in original.)

The district court therefore directed the deputy county attorney to file an amended information, but found no need for the filing of a separate affidavit. An amended information was filed August 29, 1989, charging defendant with misdemeanor assault.

Prior to commencement of trial on August 29, 1989, defendant moved to dismiss the amended information on the ground that there had been no affidavit filed to support the new charge of assault. The court found that the affidavit in support of the original information clearly described "all of the elements necessary to charge assault" and denied defendant's motion to dismiss the amended information as well as defendant's request to continue the trial setting.

Defendant was convicted on August 30, 1989 of misdemeanor

3

assault. On September 7, 1989, he appeared in open court for sentencing and was ordered to pay a fine of $500, together with a $10 fee pursuant to § 45-18-236, MCA, jury costs in the amount of $956.16, and court costs of $67.50; he was further sentenced to a term of six months' incarceration at the Fergus County jail, with all but three days thereof suspended.

The sole issue raised on appeal is whether the district court erred in denying defendant's motion to dismiss the amended information for failure to file a new affidavit.

Defendant argues that the offense of criminal endangerment and the offense of misdemeanor assault are such dissimilar acts that the county attorney was required to support the amended information, charging defendant with misdemeanor assault, with an affidavit that specifically stated that defendant "purposely or knowingly caused reasonable apprehension of bodily injury in another." Defendant then argues that since the affidavit in support of the information charging defendant with criminal endangerment does not mention the language found in the assault statute, that the affidavit is not sufficient to establish probable cause for the offense of misdemeanor assault. We disagree.

A court may use common sense and draw permissible inferences when examining an affidavit for a determination of probable cause. State v. Riley (1982), 199 Mont. 413, 423, 649 P.2d 1273, 1278. This Court's role on appeal is merely to determine whether the district court abused its discretion. State v. Buckingham (Mont. 1989), 783 P.2d 1331, 1334, 46 St.Rep. 2102, 2105.

The filing of an amended information does not require a second

4

affidavit if the affidavit filed with the original information established probable cause as to the amended charge. Parker v. Crist (1980), 190 Mont. 376, 381, 621 P.2d 484, 487. In Parker, this Court specifically stated that

> The filing of a second affidavit containing the same information and the same showing of probable cause would serve no purpose, would not contravene the policy behind the requirement, and would be superfluous. The law does not require idle acts. Section 1-3-223, MCA.

Parker, 190 Mont. at 381, 621 P.2d at 487. Accordingly, leave to file the amended information was proper in this case if the affidavit in support of the criminal endangerment charge contained sufficient factual allegations to support a finding of probable cause to believe that defendant had committed the offense of misdemeanor assault.

The district court, in response to defendant's motion to dismiss the amended information on the ground that there had been no affidavit filed to support the new charge of assault, found that the affidavit in support of the original information clearly described "all of the elements necessary to charge assault." In particular, the court noted that the affidavit described defendant's actions, and also the victim's actions in trying to avoid the assault, showing her awareness of the situation. The court also commented that the part of the affidavit stating "[t]hat such activity of the Defendant appeared to create a substantial risk of death or serious bodily injury" constitutes one of the elements of assault.

5

The offense of misdemeanor assault is committed if a person "purposely or knowingly causes reasonable apprehension of bodily injury in another." Section 45-5-201(1)(d), MCA. As already noted, assault requires apprehension of bodily injury, whereas the terminology in the affidavit stated that defendant's actions "appeared to create a substantial risk." This difference in phraseology, however, does not defeat the showing of probable cause for assault. As noted above, the district court is allowed to draw permissible inferences from the affidavit. When the affidavit is examined as a whole, the district court could reasonably infer that defendant's actions created a reasonable apprehension of harm in the victim. The district court did not abuse its discretion in so concluding.

Affirmed.

_____
                    Justice

We concur:

_____
_____
_____
_____
                    Justices

6