No. 01-052

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 273


JEFF LANGEMO and CAROL LANGEMO

Plaintiffs and Appellants,

v.

MONTANA RAIL LINK, INC., and

BURLINGTON NORTHERN SANTA FE

RAILROAD CO.,

Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Alexander (Zander) Blewett, III, Kurt M. Jackson, Hoyt & Blewett, Great Falls, Montana

For Respondents:

Ronald B. MacDonald, Paul Tranel, Datsopoulos, MacDonald & Lind, Missoula, Montana

Dennis Nettiksimmons, Hedger Moyers, LLP, Billings, Montana

Submitted on Briefs: July 19, 2001
Decided: December 18, 2001

Filed:

_____

Clerk


Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 The Plaintiffs, Jeff and Carol Langemo, filed this action in the District Court for the First Judicial District in Lewis and Clark County to recover compensatory and punitive damages for injuries sustained by Jeff as a result of a collision between a Montana Rail Link locomotive and a four-wheel ATV driven by Jeff. The Plaintiffs moved for partial summary judgment that the Defendants were negligent per se for admittedly violating Montana's whistle statute, § 69-14-562(7), MCA. Following a hearing, the District Court entered its Decision and Order in which it denied the Plaintiffs' motion for partial summary judgment and awarded summary judgment to Defendant Burlington Northern Santa Fe Railroad Company. The District Court then entered judgment in favor of both Defendants. The Plaintiffs now appeal from the District Court's order and judgment. We reverse the judgment of the District Court.

¶2 The following issues are presented on appeal:

¶3 1. Did the District Court err when it held that § 69-14-562(7), MCA, does not require that train whistles and bells be sounded at "any" railroad crossing, whether public or private?

¶4 2. Did the District Court err when it awarded summary judgment to the Defendant Burlington Northern Santa Fe Railroad Company?

¶5 3. Did the District Court err when it held that the Defendants' indemnity agreement is enforceable against the Plaintiffs?

¶6 4. Did the District Court err when it refused to exclude evidence of Jeff's post-accident drug screen?

# FACTUAL BACKGROUND

¶7 The Plaintiffs, Jeff and Carol Langemo, filed this action against the Defendants, Montana Rail Link (MRL) and Burlington Northern and Santa Fe Railway Company (BNSF), in the District Court for the First Judicial District in Lewis and Clark County on July 23, 1999. The Langemos sought compensatory and punitive damages because of injuries sustained by Jeff as a result of his collision with an MRL locomotive at a private railroad crossing west of Helena, Montana. Jeff Langemo, while driving his four-wheel ATV, collided with an MRL locomotive at a private crossing which provides access to several residences off Birdseye Road, including the Langemos' residence.

¶8 The private crossing is the subject of a "Private Roadway and Crossing Agreement" between the Langemos and the railroads dated May 28, 1997. The agreement permitted the Langemos to use the 16 foot railroad crossing to access their property.

¶9 MRL acquired the trackage over the crossing from BNSF in 1990. Neither BNSF nor MRL ever installed a whistle post at the crossing to alert the operators of approaching locomotives of the need to sound the locomotive whistle. When MRL took over the line from BNSF, it adopted BNSF's long-standing policy of not sounding the train whistle for private crossings. MRL admitted that the train involvd in the accident had failed to sound the train whistle and bell for the private crossing.

¶10 In their Complaint, the Plaintiffs alleged that the Defendants were negligent as a matter of law because they failed to sound the train whistle and bell at the private crossing, in violation of § 69-14-562(7), MCA. The Complaint also alleged claims for failure to construct and maintain a good and safe crossing, and for failure to keep a proper lookout. The Plaintiffs subsequently withdrew their "unsafe crossing" claims and proceeded solely on the issue of negligence based on § 69-14-562(7), MCA.

¶11 MRL filed an Answer on October 7, 1999, which included a counterclaim against the Plaintiffs for indemnification pursuant to the private crossing agreement.

¶12 On January 6, 2000, the Plaintiffs filed a motion for partial summary judgment on the issue of negligence, alleging that the Defendants were negligent per se for admittedly violating § 69-14-562(7), MCA, Montana's whistle and bell statute.

¶13 On May 5, 2000, BNSF filed a brief in support of its own motion for summary

judgment. BNSF contended it had no duty with respect to the condition of the crossing or the failure of MRL crew to sound the whistle and bell.

¶14 On October 11, 2000, the Plaintiffs filed a motion in limine to preclude results of a post-accident drug and alcohol screen.

¶15 The District Court held a hearing on all pending motions on December 12, 2000. On January 11, 2001, the District Court entered a Decision and Order which denied the Plaintiffs' motion for partial summary judgment; granted BNSF's motion for summary judgment on all claims; denied the Plaintiffs' motion to dismiss MRL's indemnity counterclaim; and conditionally allowed evidence of a post-accident drug screen in the event that the Defendants could demonstrate that drugs were somehow involved in the accident.

¶16 Because the Plaintiffs based their case entirely on the Defendants' admitted failure to comply with the whistle and bell statute, the District Court's ruling that as a matter of law the statute does not apply to private crossings resolved the Plaintiffs' claim. Accordingly, the District Court entered judgment in favor of Defendants on January 17, 2001. The Plaintiffs now appeal the District Court's judgment.

## DISCUSSION

### ISSUE 1

¶17 Did the District Court err when it ruled that § 69-14-562(7), MCA, does not require train whistles and bells to be sounded at "any" railroad crossing, whether public or private?

¶18 The District Court held that Montana's train whistle and bell statute, § 69-14-562(7), MCA, applies only to public railroad crossings. We review questions of statutory interpretation as a question of law to determine whether the District Court's interpretation of the law is correct. *Hobbs v. City of Thompson Falls*, 2000 MT 336, ¶ 11, 303 Mont. 140, ¶ 11, 15 P.3d 418, ¶ 11.

¶19 Because MRL admitted that no whistle or bell was sounded prior to the collision, the District Court faced the purely legal question of whether § 69-14-562(7), MCA, applied to private railroad crossings - a question that has never been specifically addressed in Montana. The statute provides that a railroad is guilty of a misdemeanor if it shall:

(7) permit any locomotive to approach *any* highway, road, or railroad crossing without causing the whistle to be sounded at a point between 50 and 80 rods from the crossing, the bell to be rung from said point until the crossing is reached. [Emphasis added.]

Montana's whistle statute was first enacted by the Territorial Legislature in 1873. The original statute used the precise language that is contained in the current statute and made it a misdemeanor if any railroad corporation:

[S]hall approach *any* highway, road, or railroad crossing without having, at a distance of fifty rods therefrom and within a distance of eighty rods therefrom, having sounded said whistle and rang said bell. [Emphasis added.]

¶20 In concluding that "any highway, road, or railroad crossing" did not include the private crossing at issue here, the District Court relied on the definition of "road" found in Title 60, MCA, pertaining to highways and transportation, where the terms "highway, road, and street" are defined in § 60-1-103(19), MCA, as follows:

"Highway," "road," and "street," whether the terms appear together or separately or are preceded by the adjective "public," are general terms denoting a public way for purposes of vehicular travel and include the entire right-of-way.

Based on this statutory definition, the District Court concluded that the Legislature intended to change the meaning of the 1873 whistle statute. Because the whistle statute also uses the terms "highway" and "road", the District Court concluded that the definition of "road" found in § 60-1-103 applied to § 69-14-562(7). The result, according to the District Court, is that any prior interpretation of § 69-14-562(7) was impliedly "superseded" by the enactment of the highway code in 1965 and, therefore, application of the whistle statute applies only to "public" crossings rather than "any" crossing.

¶21 The Plaintiffs contend that the plain language of § 69-14-562(7), MCA, requires that the whistle and bell be sounded prior to any railroad crossing, which necessarily includes private crossings such as the crossing involved in this case. Therefore, according to the Plaintiffs, the District Court erred when it ruled that the plain language of the statute was somehow impliedly repealed or "superseded" by subsequent legislative enactments. The Plaintiffs argue that a 1965 amendment which defined highways and roads as limited to

public highways and roads could not have affected the interpretation of this statute, which specifically refers to crossings and has not been amended.

¶22 We agree and conclude that the District Court's interpretation of § 69-14-562(7), MCA, violates basic rules of statutory construction. When we interpret statutes, our foremost goal is "simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." § 1-2-101, MCA. Therefore, we determine legislative intent based on "the plain meaning of the language used by the Legislature." *In re R.L.S.*, 1999 MT 34, ¶ 8, 293 Mont. 288, ¶ 8, 977 P.2d 967, ¶ 8. The statutory language "must be reasonably and logically interpreted, giving words their usual and ordinary meaning." *Gallatin County v. District Court* (1997), 281 Mont. 33, 40, 930 P.2d 680, 685.

¶23 We interpret § 69-14-562(7), MCA's, use of the phrase "*any* highway, road, or railroad crossing" to mean *any* railroad crossing, not just public railroad crossings. The usual and ordinary meaning of the word "any" is "every". Webster's New World College Dictionary 64 (4th ed. 1999). Where, as here, the statutory language is clear and unambiguous, the statute speaks for itself and this Court cannot resort to other means of interpretation. *See State ex rel. Cobbs v. Montana Dep't of Social and Rehabilitation Services* (1995), 274 Mont. 157, 162, 906 P.2d 204, 207.

¶24 Nor do we find any indication that the Legislature intended to change the plain and unambiguous meaning of the 1873 whistle statute by defining the terms "highway, road, and street" in Title 60 as "denoting a public way for purposes of vehicular travel." It is undisputed that the whistle statute has not been expressly repealed by Title 60 and, therefore, any repeal would have to be accomplished by implication. Repeal by implication has never been favored in Montana. *Ross v. City of Great Falls*, 1998 MT 276, ¶ 17, 291 Mont. 377, ¶ 17, 967 P.2d 1103, ¶ 17. Moreover, a later, general statute will not affect an earlier specific statute unless the intent to repeal the earlier specific statute is either clearly manifested or unavoidably implied by irreconcilable differences created by the continued operation of the statutes. *Trustees of Carbon County School Dist. v. Spivey* (1991), 247 Mont. 33, 36, 805 P.2d 61, 63. Based on its plain language, we conclude that the Legislature specifically intended to require train whistles and bells at "any" crossing when it enacted the whistle statute. The highway code found at Title 60 has nothing to do with train whistles or the requirements for their use, and, therefore, does not create irreconcilable differences between the statutes.

¶25 At no time between 1873 and the time of the collision at issue did the Legislature insert the word "public" so as to restrict application of the whistle statute to public railroad crossings. When the Legislature enacted the original version of § 69-14-562(7), MCA, in 1873, it knew the meaning of the word "public" and how to use it to restrict applicability of railroad statutes. *See, e.g.,* §§ 69-14-554(2), -534, -551, MCA. Finally, the enactment of Senate Bill No. 348 by the 57th Legislature, a bill which went into effect on October 1, 2001 and which amended the plain language of the whistle statute by inserting the word "public,", demonstrates that the Legislature did not believe the language at issue restricted the whistle statute to public crossings.

¶26 Accordingly, we conclude that the District Court incorrectly interpreted the whistle statute, and its interpretation is reversed.

## ISSUE 2

¶27 Did the District Court err when it awarded summary judgment to Defendant BNSF?

¶28 The District Court awarded summary judgment to Defendant BNSF solely on the basis of its determination that the whistle statute did not require the whistle to be sounded at the private crossing where the collision occurred. Since, as we have held, that conclusion was incorrect, summary judgment based on that conclusion was also incorrect. BNSF contends that, irrespective of the ruling on the whistle statute, summary judgment in its favor should be affirmed because it had no independent duty to assure that MRL employees sounded whistles at private crossings, and, therefore, there is no factual nor legal basis for its liability. However, we decline the invitation to award summary judgment on a basis not yet decided by the District Court. Therefore, the District Court's award of summary judgment to BNSF is reversed.

## ISSUE 3

¶29 Did the District Court err when it ruled that the Defendants' indemnity agreement is enforceable against the Plaintiffs?

¶30 At the District Court the Defendants counterclaimed that the Plaintiffs were required to indemnify the Defendants for "any liability, claim, cost or damage" resulting from the Plaintiffs' "acts, omissions, or exercise of its rights" pursuant to the Private Roadway and Crossing Agreement between the parties. The Plaintiffs moved to dismiss the indemnity

claim as unenforceable pursuant to § 28-2-702, MCA, which provides that contracts may not exempt anyone from liability for their own negligent acts. The District Court ruled that although § 28-2-702, MCA, precluded the Defendants from being indemnified for their own negligence, the indemnity agreement was enforceable as applied to the negligent acts or omissions of the Plaintiffs and allowed the Defendants to enforce their claim for indemnity at the same time they claim the right to reduction in the Plaintiffs' award based on contributory negligence.

¶31 We conclude that the indemnity agreement is redundant of the protection afforded by the contributory negligence statute. Jeff's recovery will already be reduced by any negligence attributable to him. The Defendants cannot be indemnified for their own negligence and Carol's claim for loss of consortium has been dismissed by stipulation. Therefore, we conclude that the District Court erred when it held that the Defendants could rely on additional protection from their indemnity agreement.

## ISSUE 4

¶32 Did the District Court err when it refused to exclude evidence of the results of Jeff's post-accident drug screen?

¶33 The District Court's ruling on the Plaintiffs' motion in limine regarding the results of a post-accident drug screen is reviewed for abuse of discretion. *In re Estate of Lande*, 1999 MT 162, ¶ 34, 295 Mont. 160, ¶ 34, 983 P.2d 308, ¶ 34. The Plaintiffs contend that the District Court abused its discretion when it held that the railroad was entitled to introduce evidence of a post-accident drug screen if drugs "in some way" contributed to the accident.

¶34 The District Court held that before the Defendants could introduce evidence of the drug screen, they would be required, outside the presence of the jury, to establish that the drugs "in some way" contributed to the accident. Despite the Plaintiffs' argument on appeal, the District Court has not conclusively ruled whether the evidence of the drug screen will be admitted. Consequently, the Plaintiffs' appeal of this issue is not ripe for review.

¶35 We reverse the District Court's conclusion that the whistle statute does not apply to private railroad crossings; we reverse the District Court's award of summary judgment to Defendant BNSF; and we reverse the District Court's conclusion that the indemnity agreement should be enforced. We further conclude that the issue of the admissibility of

the post-accident drug screen is not ripe for review. Accordingly, this matter is remanded to the District Court for further proceedings consistent with this opinion.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ W. WILLIAM LEAPHART