CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶58 I agree with the Court's statutory analysis at ¶¶ 25 through 27, but disagree with the remainder of its discussion on issue one. I would affirm the Workers' Compensation Comb's conclusion that permanently totally disabled workers are not entitled to receive impairment awards under the 1991 and 1997 Acts. As a result, I would not reach the remaining issues.
¶59 The Workers' Compensation Court's statutory analysis, and this Comb's statutory analysis at ¶¶ 25 through 27, can be summarized relatively briefly. Both courts determined that, pursuant to § 39-71-703(1), MCA (1991), a worker who suffered a permanent partial disability, but was no longer entitled to either temporary total or permanent total disability benefits, was entitled to a permanent partial disability award. No stand-alone "impairment award" was available to such an injured worker; rather, an "impairment rating"-based in part on the amount of wage loss-was calculated and used in determining the amount of the permanent partial disability award. See § 39-71-703(2) and (3), MCA (1991). Both courts also determined, on the other hand, that § 39-71-703(2), MCA (1997), *228 provided for a stand-alone "impairment award" for an injured worker who received an impairment rating but had no actual wage loss. Such a worker received only the impairment award; he or she did not receive permanent partial disability benefits because no actual wage loss occurred. See § 39-71-703(1) and (2), MCA (1997). I agree with these analyses.
¶60 The Workers' Compensation Court then proceeded to address §§ 39-71-737, MCA (1991) and (1997), which are identical with respect to the provision under which the claimants in this case assert entitlement to an impairment award in addition to permanent total disability benefits. Both statutes provide generally that compensation is to run consecutively, and that payment shall not be made for two classes of disability over the same period; the language at issue then states, as an exception, "that impairment awards ... may be paid concurrently with other classes of benefits." See §§ 39-71-737, MCA (1991) and (1997). The Workers' Compensation Court rejected- the claimants' arguments thereunder, concluding that "[njeither version creates any entitlement to an impairment award. ... It only prescribes when different classes of benefits which are authorized in other sections may be paid concurrently. The claimant must be due the benefits in the first place for the section to apply." (Emphasis added.) I agree with the Workers' Compensation Court's analysis.
¶61 That court also addressed both the 1991 and 1997 versions of § 39-71-710, MCA, on which the claimants relied. While the statutes differ in detail, they generally address termination of certain benefits on retirement and remaining liability for other benefits; specifically, §§ 39-71-710, MCA (1991) and (1997), both state that, on a claimant's retirement, "the insurer remains liable for ... any impairment award ...." As with § 39-71-737, MCA, the Workers' Compensation Court concluded that the latter language "can only be construed as indicating that liability for the award must exist in the first instance," independently of § 39-71-710, MCA, and does not create any entitlement to benefits not otherwise created in the Workers' Compensation Act. Again, I agree with the Workers' Compensation Court.
¶62 It is not altogether clear whether this Court has determined directly that the Workers' Compensation Court erred in its statutory analysis of §§ 39-71-710 and 39-71-737, MCA, since its opinion does not expressly address those analyses. Instead of doing so, the Court moves to a "final consideration" as a necessary part of its "statutory analysis," and accepts the claimants' argument that to disallow an impairment award to permanently totally disabled claimants, when such an award *229 is statutorily provided to permanently partially disabled claimants, "would lead to an absurd result, and contravene the intent underlying the Workers' Compensation Act." The Court offers no authority in this regard, but relies on Johnson for the general principle that "[w]hen more than one interpretation is possible, we will reject an interpretation that leads to an unreasonable result in favor of another that will lead to a reasonable result." It is my view that the Court errs in these regards.
¶63 First, the Court does not state how "more than one interpretation is possible" of the statutes and language at issue here. While it observes that impairment awards are "recognized" in §§ 39-71-710 and 39-71-737, MCA, that observation does not explain how "recognition" of the existence of impairment awards elsewhere in the Workers' Compensation Act properly results in a determination that some statute provides an entitlement to an impairment award. Our first rule in ascertaining legislative intent is to construe the plain language of the statutes at issue. See, e.g., Langemo v. Montana Rail Link, Inc., 2001 MT 273, ¶ 22, 307 Mont. 293, ¶ 22, 38 P.3d 782, ¶ 22 (citations omitted). The plain language of these statutes does not support the Court's implicit determination that more than one interpretation is possible here under any ordinary rules of statutory construction.
¶64 Nor do I believe the Court's somewhat blithe statement that the result produced by a proper statutory analysis would be "unreasonable and cannot have been the Legislature's intent'-without any legal analysis-is sufficient to create a right to an impairment award when no statute does so. The job of courts "is simply to ascertain and declare what is in terms or in substance" contained in a statute, "not to insert what has been omitted...." Section 1-2-101, MCA. The Court here is inserting into a purely statutory scheme an entitlement to a right not provided therein. I cannot agree.
¶65 I would affirm the Workers' Compensation Court's conclusion that these permanently totally disabled claimants are not legally entitled to an impairment award in addition to their other benefits.