FILED

01/05/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0395

DA 18-0395

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 1

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

J CEE FELDE,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DC-16-29
Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad M. Wright, Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Eileen Joyce, Silver Bow County Attorney, Ann M. Shea, Deputy County
Attorney, Butte, Montana

                        Submitted on Briefs:  October 21, 2020

                                Decided:  January 5, 2021

Filed:

_____
                        Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    J-Cee[1] Felde appeals three convictions in the Second Judicial District Court, Silver Bow County, of Sexual Abuse of Children (Possession of Child Pornography) in violation of § 45-5-625(1)(e), MCA.  Felde was charged with forty-nine counts and pleaded guilty to four, preserving appeal of his challenge to all but the first count.  He argues that § 46-11-410(2)(a), MCA, prohibits multiple convictions for possession of child pornography when the images were discovered on a single day on a single device.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2    On January 21, 2016, an Internet Crimes Against Children investigator contacted the Butte-Silver Bow Law Enforcement Department regarding digital downloads of sexually explicit images of children associated with an IP address Felde leased.  Officers seized Felde's computer equipment the following week, and he admitted to downloading several photos and videos depicting child pornography.  The State charged Felde with 100 counts of Possession of Child Pornography, a felony, in violation of § 45-5-625(1)(e), MCA.  Felde pleaded not guilty to all charges.

¶3    At the final pretrial conference, the parties filed a written plea agreement, pursuant to which Felde pleaded guilty to Count 1.  The State made no promise to dismiss or amend the remaining charges.  Felde then moved to dismiss the ninety-nine remaining counts as

---

[1] At his first arraignment hearing, Felde advised the District Court his name is spelled, "J-Cee Felde."  We use his preferred spelling here.

violating double jeopardy and his statutory rights against multiple convictions for included offenses.

¶4 The District Court denied Felde's motion to dismiss. It held that the State's allegations would not necessarily constitute included offenses if the charging document showed Felde's conduct "victimized separate children and involved separate acts of downloading/possessing images of the distinct victims, or . . . did so on separate occasions[.]" The District Court thus concluded the record did not provide sufficient information upon which to grant the motion. It did note, however, that there was not sufficient detail in the Information "for the Defendant to understand whether he is being prosecuted for allegedly injuring distinct victims and/or for committing distinct acts of downloading/possessing illegal images." It therefore ordered the State to file an amended affidavit and amended information.

¶5 The State then filed an Amended Information that reduced the charges to forty-nine counts. The State explained that Felde's computer equipment contained at least 100 separate and unduplicated child pornography images, but—due to the "magnitude" of the case and because Felde already pleaded guilty to Count 1—"justice would be served" by reducing the charges to forty-nine counts as related to the forty-nine images contained in Felde's Gateway computer tower.

¶6 Felde moved to dismiss, arguing again that Counts 2 through 49 did not constitute separate offenses under § 45-5-625(1)(e), MCA, but instead arose out of the same transaction and were included offenses. Following a hearing, the District Court denied the

3

motion, again concluding that the State properly exercised its discretion to prosecute Felde for multiple counts of the charged offense where those counts related to separate victims or separate incidents. It ruled that "multiple charges related to the separate victims or the separate incidents would not necessarily constitute included offenses."

¶7 Pursuant to a written plea agreement, Felde pleaded guilty to Amended Counts 1 through 4, reserving his right to appeal the District Court's denial of his motion to dismiss as to Counts 2 through 4. The District Court sentenced him to ten years on each count, all suspended, with credit for forty-three days already served. It dismissed the remaining counts pursuant to the plea agreement.

## STANDARD OF REVIEW

¶8 We review de novo a district court's interpretation of a statute, and we review its application of a statute to a particular set of circumstances for correctness. *State v. Parks*, 2013 MT 280, ¶ 20, 372 Mont. 88, 310 P.3d 1088 (citation omitted).

## DISCUSSION

¶9 *Does § 46-11-410(2)(a), MCA, prohibit multiple convictions for possession of multiple child pornography images discovered on the same computer on the same day?*

¶10 Although Felde refers to double jeopardy principles, he did not develop a constitutional double jeopardy argument. We thus resolve the issue on appeal by applying the multiple charges statute and decline to consider constitutional double jeopardy principles. *State v. Brandt*, 2020 MT 79, ¶ 11, 399 Mont. 415, 460 P.3d 427.

4

¶11 A prosecutor has discretion to charge and prosecute separate acts as separate offenses. *See* § 46-11-404, MCA; *Parker v. Crist*, 190 Mont. 376, 381-82, 621 P.2d 484, 488 (1980). Montana law allows a person to be prosecuted for more than one offense committed during a single transaction. Section 46-11-410(1), MCA. "A defendant may not, however, be convicted of more than one offense if . . . one offense is included in the other[.]" Section 46-11-410(2)(a), MCA; *State v. Strong*, 2015 MT 251, ¶ 17, 380 Mont. 471, 356 P.3d 1078; *State v. Dixon*, 2000 MT 82, ¶ 49, 299 Mont. 165, 998 P.2d 544. Section 46-1-202(23), MCA, defines "same transaction" as:

> conduct consisting of a series of acts or omissions that are motivated by:
> (a) a purpose to accomplish a criminal objective and that are necessary or incidental to the accomplishment of that objective; or
> (b) a common purpose or plan that results in the repeated commission of the same offense or effect upon the same person or the property of the same person.

An "included offense," in relevant part, is one that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" Section 46-1-202(9)(a), MCA.

¶12 We have often considered multiple-conviction challenges when the State has charged more than one offense under different statutes based on the same factual events. *See, e.g., State v. Williams*, 2010 MT 58, ¶¶ 6, 15, 355 Mont. 354, 228 P.3d 1127; *State v. Goodenough*, 2010 MT 247, ¶¶ 1-4, 8, 358 Mont. 219, 245 P.3d 14; *Parks*, ¶¶ 28-31. In those cases, we have analyzed the elements of the offenses to determine whether one is included within another. We have relied on § 46-11-404, MCA, when considering multiple charges and convictions under a single statute when all the charges

5

arise from the same incident. *See, e.g., Parker*, 190 Mont. at 381, 621 P.2d at 488 (upholding multiple robbery convictions arising out of the same incident that involved multiple victims); *State v. Holmes*, 207 Mont. 176, 183-84, 674 P.2d 1071, 1074-75 (1983) (affirming multiple theft convictions for different items loaded on a moving van and transported at the same time). In this case, the State charged multiple offenses under the same statute. Felde argues that the statute defines only a single offense for his combined possessions, and for that reason his convictions for all but one charge may not stand.

¶13 Each of Felde's convictions is for violating § 45-5-625(1)(e), MCA, "knowingly possess[ing] any visual or print medium, including a medium by use of electronic communication in which a child is engaged in sexual conduct, actual or simulated[.]" "Visual medium," in relevant part, means "any disk, diskette, or other physical media that allows an image to be displayed on a computer or other video screen and any image transmitted to a computer or other video screen by telephone line, cable, satellite transmission, or other method." Section 45-5-625(5)(d)(ii), MCA.

¶14 Felde contends that § 46-11-410(2)(a), MCA, prohibits the State from convicting him of multiple counts of possession of child pornography when he possessed all the images at the same time on the same computer. He argues that each offense arose out of a single transaction, and Counts 2, 3, and 4 were offenses "included" within the offense charged in Count 1 because the statute does not create a separate offense for each image and there is thus no factually distinct basis for each count. *See* § 46-1-202(9)(a), MCA. Felde contends that the "visual medium" was Felde's Gateway computer tower and, as

6

charged, Felde committed a single offense for possessing the multitude of images found on that computer on January 27, 2016.

¶15 The State does not appear to contest that Felde's charged offenses were part of the same transaction. "Whether two offenses arise from the same transaction or involve the same criminal objective does not depend on the elements of the charged offenses, but rather on the defendant's underlying conduct and purpose in engaging in that conduct." *State v. Ellison*, 2018 MT 252, ¶ 21, 393 Mont. 90, 428 P.3d 826 (quoting *State v. Glass*, 2017 MT 128, ¶ 12, 387 Mont. 471, 395 P.3d 469). Felde engaged in a series of acts motivated by a purpose to accomplish a criminal objective, obtaining images of child pornography. *See* § 46-1-202(23)(a), MCA. The State contends, however, that even if part of the same transaction, Felde's separate convictions are not barred because he committed four separate acts of possession of child pornography when Felde possessed four individual and discrete images that were created at different times, were accessed at different times, and depicted different victims.

¶16 In the construction of a statute, we look first to its plain language; if the language is clear and unambiguous on its face, we need not engage in any further construction. *Strong*, ¶ 13 (citation omitted); *Langemo v. Mont. Rail Link, Inc.*, 2001 MT 273, ¶ 23, 307 Mont. 293, 38 P.3d 782. We give words in the statute their usual, ordinary meaning. *Langemo*, ¶ 22. We may not insert what has been omitted or omit what has been inserted. Section 1-2-101, MCA. We also construe a statute as a whole and in light of its surrounding

7

sections to avoid conflicting interpretations. *Mont. Sports Shooting Ass'n. v. State*, 2008 MT 190, ¶ 11, 344 Mont. 1, 185 P.3d 1003 (citations omitted).

¶17 Section 45-5-625, MCA, proscribes multiple variants of conduct by which a person engages in sexual abuse of children by exploiting them for child pornography. The statute makes clear that using, photographing, recording, or soliciting a child in any exhibition of actual or simulated sexual conduct is an offense. The statute also broadly prohibits any possession, publication, sale, financing, or advertising of printed or electronic depictions of such conduct. The statute prohibits the possession of both electronic images and hard copies of images. *See* § 45-5-625(5)(d)(i), MCA ("any film, photograph, videotape, negative, slide, or photographic reproduction that contains or incorporates in any manner any film, photograph, videotape, negative, or slide"). We observed in *State v. Harrington*, 2017 MT 273, ¶ 16, 389 Mont. 236, 405 P.3d 1248, that the knowing "possession of such photographs alone renders one in violation of § 45-5-625(1)(e), MCA."

¶18 Each of the proscriptions refers to "*a child . . .* engaged in sexual conduct, actual or simulated." The subsection under which Felde was charged is no different, prohibiting knowing possession of "any visual or print medium . . . in which *a child*" is so depicted. Section 45-5-625(1)(e), MCA (emphasis added). By defining "visual medium" to include "any . . . *physical media* that allows *an image* to be displayed on a computer or other video screen *and any image* transmitted to a computer or other video screen," § 45-5-625(5)(d)(ii), MCA (emphases added), the statute proscribes not only the possession

8

of the device through which the image is transmitted and displayed on a computer but also "any image" so transmitted.

¶19 The parties dispute the meaning of "any" image as used in the statute. "The usual and ordinary meaning of the word "any" is "every." *Langemo*, ¶ 23. We applied that ordinary meaning to conclude in *Langemo* that "any highway, road, or railroad crossing" meant "every" railroad crossing, both public and private. *Langemo*, ¶ 23 (citing Webster's New World College Dictionary 64 (4th ed. 1999)). For similar reasons, the plain language of § 45-5-625(1)(e), MCA, clearly and unambiguously supports conviction for every image of child pornography the defendant possessed. The inclusion of both "physical media . . . *and* any image. . ." means that the definition of "visual medium" is not restricted by the storage of multiple images on a single device. The statute uses the word "image," a singular noun, thus encompassing *one* digital image contained on a housing device. It also prohibits possession of the visual medium in which "a child" is depicted. "We construe a statute by reading and interpreting the statute as a whole, 'without isolating specific terms from the context in which they are used by the Legislature.'" *Mont. Sports Shooting Ass'n.*, ¶ 11 (quoting *City of Great Falls v. Morris*, 2006 MT 93, ¶ 19, 332 Mont. 85, 134 P.3d 692).

¶20 Felde's suggestion that the charging statute requires a single charge for multiple digital images would defeat the statute's broad purpose to protect victimization of children and prove inconsistent with cases of hard-copy images; possession of multiple digital images within one device would be limited to one charge, but possession of four hard copy

9

photographs could produce four. It is immaterial that all the images were on one computer and seized at the same time. It would not be a common-sense interpretation of the statute to allow two charges and two convictions for two separate discoveries of only one image of child pornography at each, but one charge and a single conviction for a single discovery of dozens of images of individual exploited children.

¶21 Finally, Felde argues that the relevant sentencing provision, § 45-5-625(2)(c), MCA, describes the punishment based on the "material" possessed by the defendant, which is plural. He therefore contends that, though multiple charges may be allowed, multiple punishments may not. We disagree. The sentencing subsection states, in relevant part: "a person convicted of the offense of sexual abuse of children for the possession of material, as provided in subsection (1)(e), shall be fined not to exceed $10,000 or be imprisoned in the state prison for a term not to exceed 10 years, or both." Section 45-5-625(2)(c), MCA. The word "material," a word that may be either singular or plural, is tied directly to the language of subsection (1)(e), and thus includes a single image. We do not read the sentencing statute in conflict with our interpretation of the charging statute.

¶22 We thus conclude from the plain meaning of the statute in its entirety that it permits the prosecution and conviction of a separate offense for each image the defendant possessed. When the plain language of a statute is clear and unambiguous, we need not engage in further construction. *Strong*, ¶ 13.

10

**CONCLUSION**

¶23    The District Court properly concluded that § 45-5-625(1)(e), MCA, allows conviction for each image of child pornography that Felde possessed.  Counts 2, 3, and 4 of the Amended Information were not included within the offense charged in Count 1. Felde's separate convictions therefore stand, and the judgment is affirmed.


/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ DIRK M. SANDEFUR
/S/ JIM RICE


Justice James Jeremiah Shea recused himself from participation in this case.

11