No. 87-146

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

DALE SCHAFFER, as the Personal
Representative of the Estate of
Charles A. Hansen, MICHAEL J.
HANSEN, GARY A. HANSEN and MARY
ELLEN CHEFFMORE,

      Plaintiffs and Appellants,

  -vs-

CHAMPION HOME BUILDERS COMPANY,

      Defendant and Respondent.

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Robert J. Boyd, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Knight, Dahood, McLean & Everett; Edward G. Beaudette,
Anaconda, Montana

    For Respondent:

        Poore, Roth & Robinson; John P. Davis, Butte, Montana

Submitted on Briefs: Oct. 16, 1987

Decided: December 31, 1987

Filed:

Ethel M. Harrison

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Plaintiffs appeal the summary judgment of the Third Judicial District, Powell County. The judgment dismissed plaintiffs' wrongful death and survival complaint which was not filed until one day after the statute of limitations had expired. We affirm.

The parties present three issues for our review:

1. Did the District Court abuse its discretion when it dismissed plaintiffs' wrongful death and survival actions?

2. Did the District Court abuse its discretion when it denied relief from judgment under Rule 60(b)(1), M.R.Civ.P., for mistake, inadvertence, surprise or excusable neglect?

3. Did defendant Champion waive the affirmative defense of statute of limitations?

Charles Hansen was a professional painter. He had a family history of emphysema and asthma, and a personal history of smoking. In May 1977, Hansen and his wife moved into a new mobile home they had purchased from Gold Star Homes. The mobile home was manufactured by Champion Home Builders Company (Champion). Throughout 1978, Hansen was treated for emphysema and chronic obstructive pulmonary disease, as shown by an increased chest diameter resulting from long-term obstruction of air flow. He also displayed marked bronchial reactions to paint fumes. During multiple visits to his treating physician in 1978, Hansen never mentioned the onset of any breathing problems in his mobile home. Chest X-rays taken on January 6, 1978, and again on August 1, 1978, revealed no significant changes in Hansen's lung condition.

However, by 1979 Hansen's health had deteriorated. In June 1979, he was diagnosed as having congestive heart failure. He was also repeatedly treated for acute bronchial asthma. Hansen thought that formaldehyde gas in the mobile

2

home was causing his asthma. He moved out of the home in July 1979.

By January 1980, Hansen was bedridden and on an oxygen breather. He died of acute bronchial spasm and respiratory failure on February 27, 1980, at age fifty-seven. His autopsy revealed scarred lungs, narrowed lumens of the bronchi, and moderate-to-severe arteriosclerosis.

Plaintiff Schaffer is the personal representative of Hansen's estate. Plaintiffs Michael J. Hansen, Gary A. Hansen and Mary Ellen Cheffmore are Hansen's children and heirs. They sought a survival and wrongful death action against Gold Star and Champion. Plaintiffs claimed that Hansen's condition was caused by formaldehyde gas released from the particle board and plywood in the mobile home. Plaintiffs requested recovery under the theories of negligence, misrepresentation, breach of implied warranty and strict liability.

Plaintiffs state that their complaint was mailed from Anaconda, Montana, to Deer Lodge, Montana, on February 23, 1983. However, the complaint was not filed until March 1, 1983.

On November 19, 1986, Champion moved for summary judgment on the grounds that plaintiffs' claims were barred by the three-year tort statute of limitations. The applicable statute of limitations for this action is § 27-2-204(2), MCA, which states:

> The period prescribed for the commencement of an action to recover damages for the death of one caused by the wrongful act or neglect of another is within 3 years.

Three years from the date of Hansen's death fell on Sunday, February 27, 1983. Therefore, the limitation period was

3

extended to the next working day. The period expired on Monday, February 28, 1983.

In February 1987, the District Court entered separate summary judgments in favor of Champion and Gold Star. The plaintiffs did not appeal the Gold Star summary judgment. Gold Star then filed a motion with this Court to dismiss plaintiffs' appeal as to Gold Star. This Court granted Gold Star's motion by order on July 23, 1987. Consequently, Champion is the sole respondent to this appeal.

Issue 1. Dismissal of complaint.

In its motion for summary judgment, Champion contended that plaintiffs' claim was barred by the statute of limitations. The District Court granted Champion's motion and dismissed plaintiffs' claim with prejudice. Plaintiffs now contend that mailing the complaint to the clerk of court substantially met the deadline imposed by the three-year statute of limitations.

On appellate review, we will uphold the summary judgment if there is no genuine issue of material fact and the evidence shows the moving party is entitled to judgment as a matter of law. Voegele v. Estate of Schock (Mont. 1987), ___ P.2d ___, 44 St.Rep. 1950, 1953; Rule 56(c), M.R.Civ.P.

In analyzing this issue, we note that "[A] civil action is commenced by filing a complaint with the court." Rule 3, M.R.Civ.P. "Filing" is the operative verb. "Filing" is defined in Rule 5(e), M.R.Civ.P.: "The filing of pleadings and other papers with the court as required by these rules shall be made by _filing_ _them_ _with_ the clerk of the court . . ." The words "filing them with" are not the equivalent of "mailing them to." Unlike service by mail, which is complete on the date of mailing, filing by mail is not complete until the pleading is placed in the custody of the

4

clerk of court. Plaintiffs presented no evidence that the complaint was in the clerk's custody prior to March 1, 1983.

The complaint was placed in the mail three working days prior to the expiration of the statute of limitation. The complaint was mailed from Anaconda, which is only twenty-five miles from Deer Lodge. Plaintiffs reasonably assumed that a letter placed in the mail on Wednesday would arrive by Monday. However, the burden of vigilance was on plaintiffs to monitor the timely delivery and filing of the complaint.

The statute of limitations is explicit. By the letter of the law, the late filing was fatal to plaintiffs' claim. We will not resurrect a complaint which was not properly brought before the court. We hold that the District Court properly dismissed plantiffs' claim.

Issue 2. Relief from judgment under Rule 60(b)(1).

Following summary judgment, plaintiffs moved for relief under Rule 60(b), M.R.Civ.P., which states:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;
> . . .

The District Court did not respond to plaintiffs' motion. When a court does not rule upon a Rule 60(b) motion within forty-five days after it is filed, the motion shall be deemed denied. Rule 60(c), M.R.Civ.P.

The statute of limitations does not discriminate between the just and unjust claim. The statute does represent legislative and public policy controlling the rights of potential litigants. In balancing these rights, the legisla-

5

ture placed the fulcrum precisely at three years--no more, no less.

A late filing is not a timely filing. Under Rule 60(b), the trial court does not have the judicial discretion to alter, change or lessen the statutory limits for the commencement of actions. We hold that the Rule 60(b)(1) motion was properly denied.

Issue 3. Waiver of affirmative defense.

Plaintiffs contend that Champion first raised the statute of limitations defense in its motion for summary judgment, and, therefore, Champion waived an affirmative defense which should have been raised in its answer.

Plaintiffs spent their entire brief in opposition to motion for summary judgment arguing the merits of the applicable statute of limitations. Plaintiffs never raised the waiver issue, although the lower court was the proper forum to do so. As we have repeatedly held, we will not consider an issue raised for the first time on appeal. Rozel Corp. v. Dept. of Pub. Service Reg. (Mont. 1987), 735 P.2d 282, 286, 44 St.Rep. 618, 623.

We affirm the District Court.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices