MR. JUSTICE WEBER
delivered the Opinion of the Court.
Plaintiff appeals from the dismissal of her complaint for wrongful discharge. The District Court for the Eighth Judicial District, Cascade County, ruled that the claim was barred by the statute of limitations. We reverse in part, affirm in part, and remand to the District Court.
The issues are:
1. Was summary judgment improper because of a factual question as to whether Lawrence Bestwina was seriously mentally ill so as to toll the statute of limitations?
2. Does the question of whether the defendants fraudulently concealed the facts surrounding Mr. Bestwina’s discharge preclude summary judgment?
Defendant Village Rank has raised as a third issue whether the District Court’s summary judgment is an appealable order. Apparently Village Bank is concerned because the summary judgment is entitled as an “order.” We conclude that the title of the document does not render the appeal invalid. It is clear from the body of the summary judgment order that it disposes of plaintiff’s claims. We will consider the appeal.
Lawrence Bestwina was employed as vice president of the Village Bank in Great Falls, Montana. In March of 1977, he began treatment with a psychiatrist for depression. In November 1977, he was discharged from his employment. In January 1978, Mr. Bestwina was hospitalized for depression. He has since been diagnosed as suffering from chronic bipolar disorder with manic and depressive episodes. His condition has deteriorated over the years and has not been controlled with medication or electric shock treatments.
The original complaint alleging wrongful discharge was filed on October 4, 1985, with Mr. Bestwina’s wife acting as his guardian ad litem. The complaint included a consortium claim on Mrs. Bestwiná’s behalf. The District Court granted dismissal of the consortium claim, ruling that the statute of limitations had passed. Plaintiff then filed an amended complaint, omitting the consortium *331 claim. After some discovery, defendants Village Bank and Richard Olson, who have retained separate counsel, both moved for summary judgment on grounds that the complaint was untimely filed and that the statute of limitations had run. Plaintiff argued that the complaint was timely filed because the applicable three-year statute of limitations was tolled as a result of Mr. Bestwina’s mental illness. Section 27-2-401, MCA, is the statute which allows tolling:
“(1) If a person entitled to bring an action ... is, at the time the cause of action accrues, . . . seriously mentally ill . . . the time of such disability is not a part of the time limited for commencing the action. However, the time so limited cannot be extended more than 5 years by any such disability except minority.”
Plaintiff also claimed that the defendants fraudulently concealed the real reason for the termination of Mr. Bestwina’s employment until 1983, and that the statute of limitations did not begin to run until then.
The District Court concluded that the fraudulent concealment claim was filed too late because the statute of limitations for that claim began to run on the date Mr. Bestwina’s employment was terminated. It also concluded that plaintiff had failed to prove continuous and complete disability so as to toll the statute of limitations.
I
Was summary judgment improper because of a factual question as to whether Lawrence Bestwina was seriously mentally ill so as to toll the statute of limitations?
Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P. The District Court concluded that the burden of proving facts sufficient to toll the statute of limitations fell on plaintiff. At paragraph 6 of its conclusions of law, the court stated:
“Plaintiff has failed to meet the burden of establishing a complete and continuous disability as required by § 27-2-401, MCA, to toll the statute of limitations .... The disability must be sufficient to preclude the Plaintiff from comprehending his legal rights, and such a disability has not been established. Rather, the record reflects not only a comprehension of legal rights related to the alleged términation, but successful pursuit of the same through various legal remedies then available.”
*332 The defendants contend, as they did in the District Court, that Mr. Bestwina’s pursuit of claims for social security benefits and workers’ compensation demonstrate an absence of serious mental illness.
While we recognize that Mr. Bestwina’s pursuit of these claims is certainly proper for consideration on the issue of mental illness, we conclude that the pursuit of the claims does not conclusively establish an absence of serious mental illness. Our conclusion agrees with those of courts in several other states. Retention of counsel is evidence, although not conclusive, of a person’s legal capacity for purposes of tolling the statute of limitations. Harrington v. County of Ramsey (Minn. 1979), 279 N.W.2d 791. In a case involving facts similar to those of the present case, the Supreme Court of Alaska stated that,
“The fact that [the plaintiff] could actively work for sometime after the accident, travel, obtain workmen’s compensation benefits and retain an attorney might support an inference that [the plaintiff] was not ‘insane,’ but this is an issue to be decided at trial, not on a motion for summary judgment.”
Adkins v. Nabors Alaska Drilling, Inc. (Ak. 1980), 609 P.2d 15, 24. See also Hill v. Clark Equipment Company (1972), 42 Mich.App. 405, 202 N.W.2d 530.
In the present case, Donald Engstrom, M.D., submitted his affidavit stating that Mr. Bestwina has been under his psychiatric treatment since March of 1977, about 8 months prior to his discharge. He stated that in 1978 and during the next four years, Mr. Bestwina was hospitalized at least six times for severe depression. He stated that drug therapy and electroconvulsive treatments had not yielded improvement in Mr. Bestwina’s condition and that Mr. Bestwina’s condition had deteriorated from 1977 to the date of the affidavit. He also stated that, “In my opinion, since 1977 when he commenced treatment, Bestwina has never returned to his ‘pre-1977’ self.”
The lower court’s four pages of findings of fact, along with the foregoing summary of the positions of the parties, demonstrate to us the presence of issues of material fact as to the serious mental illness of Mr. Bestwina. This is not a question which is susceptible to resolution based on written affidavits, without the benefit of cross-examination in court. We therefore conclude that there is a material issue of fact precluding summary judgment.
For the assistance of the District court on remand, it is necessary that we review the provisions of § 27-2-401, MCA, as applied to this case. In substance, that statute provides that if a person is seriously *333 mentally ill at the time the cause of action accrues, the time of such disability is not counted. We therefore conclude that the District Court must determine whether or not Mr. Bestwina was seriously mentally ill at the time the cause of action accrued in November 1977. If the court determines that he was seriously mentally ill on that date, then the court must consider the following portion of the statute, which in substance states that the time of Mr. Bestwina’s disability shall not be considered as a part of the time limit under the statute but that the time cannot be extended more than 5 years. We conclude that the District Court then must determine the period or periods during which the disability continued, and the total of such time of disability shall not be counted against Mr. Bestwina. While the statute does not specifically contemplate a separate proceeding prior to trial on the merits, we conclude that such a separate proceeding is appropriate in this case and we therefore direct the District Court to proceed to make a determination as above set forth prior to the trial of the cause of action on the merits.
We reverse and remand to the District Court for the determination of whether Mr. Bestwina has met the requirements for the tolling of the statute of limitations because of his claim of serious mental illness, and for such further proceedings as are appropriate.
II
Does the question of whether the defendants fraudulently concealed the facts surrounding Mr. Bestwina’s discharge preclude summary judgment?
Plaintiff argues that it was not until Richard Olson was deposed in October 1983 that Mr. Bestwina’s counsel was aware that Mr. Bestwina had been fired in 1977 and that the firing was because of an unrelated personal matter between him and Mr. Olson. Mr. Bestwina’s counsel submitted his affidavit that until October 1983, he believed that Mr. Bestwina had been placed on a medical leave of absence in 1977. Plaintiff asserts that under the discovery doctrine, the statute of limitations should be tolled until October 1983. In ruling on this issue, the District Court did not elaborate beyond stating that it deemed controlling its ruling in the claim Mrs. Bestwina brought in her own behalf.
Plaintiff points out that dismissal of an action as to a person in her individual capacity is not res judicata as to a later action in which that person appears in a representative capacity. S-W Co. v. John *334 Wight, Inc. (1978), 179 Mont. 392, 405-06, 587 P.2d 348, 355. Law of the case does not apply because a slightly different issue is presented here. Previously the court ruled that the discovery doctrine did not apply as to Mrs. Bestwina. Here, the question is whether the discovery doctrine applies as to Mr. Bestwina.
In any event, no authority has been cited which states that the discovery doctrine, which .has been recognized in other kinds of cases, should be extended to apply in this case. Nor has plaintiff made a persuasive argument that the doctrine should be so extended. We decline to expand the discovery doctrine to cover this situation. We therefore affirm the District Court’s ruling that the plaintiff’s fraudulent concealment claim does not toll the statute of limitations.
Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.
MR. JUSTICES SHEEHY, HUNT and McDONOUGH concur.