JUSTICE NELSON
concurs in part and dissents in part:
While I concur in the Court’s discussion of Issues 2 through 5 and with the result reached in its opinion on those issues, I respectfully dissent from the discussion on Issue 1 and from the conclusions expressed therein. I would hold that Counts II and V of plaintiffs’ amended complaint are time-barred by reason of the applicable statute of limitation, § 3-5-302(6)(a), MCA, which, in pertinent part, requires that:
... a contest of a ballot issue submitted by ... referendum may be brought prior to the election only if it is filed within 30 days after the date on which the issue was certified to the governor, as provided in 13-27-308,....
Here, it is undisputed that plaintiffs’ complaint was not filed within 30 days after the date on which the issue was certified to the governor. It is also undisputed that there was absolutely no legal reason or bar that would have prevented plaintiffs from filing their complaint within the time period allowed by the statute. Importantly, the Natelson/Montanans for Better Government petition for declaratory judgment filed as an original proceeding in and subsequently dismissed by this Court (Natelson action), did not in any way prevent or prohibit the timely filing of plaintiffs’ complaint, and no legitimate argument to the contrary has been advanced here.
At the outset, I note that this Court has in the past, looked disfavorably on pre-election attempts to invalidate ballot issues and has required strict compliance with the procedures and time limits statutorily mandated by the legislature in mounting such challenges. See, State ex rel. Boese v. Waltermire (1986), 224 Mont. 230, 234, 730 P.2d 375, 377-78. Given that Montana’s election laws are replete with numerous strict deadlines governing the election process, it only makes sense to protect the administration of that process and the election itself from disruptive litigation which might ultimately serve to frustrate the right of the people to vote.
No sound reason has been advanced here as to why we should back away from that general principle. While invoking the doctrine of equitable tolling may be appropriate when applying the doctrine would effectuate the policies and purposes underlying the statute of *418 limitations, see, Hosogai v. Kadota (Ariz. 1985), 700 P.2d 1327, 1331, in pre-election challenge cases, invoking the doctrine actually encourages such challenges and tends to defeat the purposes and policy behind the statute of restricting such challenges.
Notwithstanding that plaintiffs’ claims may be important and interesting,
[t]he statute of limitations is explicit. By the letter of the law, the late filing was fatal to plaintiffs’ claim. We will not resurrect a complaint which was not properly brought before the court....
The statute of limitations does not discriminate between the just and unjust claim. The statute does represent legislative and public policy controlling the rights of potential litigants. In balancing these rights, the legislature placed the fulcrum precisely at [30 days] — no more, no less.
Schaffer v. Champion Home Builders Co. (1987), 229 Mont. 533, 536-37, 747 P.2d 872, 874, (statute of limitations barred plaintiffs’ wrongful death and survival actions when filed one day late.) With that principle in mind, we have been reluctant to judicially alter, change or lessen statutory limits for the commencement of actions, Schaffer, 747 P.2d at 874, or to expand tolling doctrines. See, Bestwina v. Village Bank (1989), 235 Mont. 329, 334, 767 P.2d 338, 341.
Accordingly, in the instant case, the basis on which we have chosen to ignore the statute of limitations — equitable tolling — is not only judgmentally unsound, but, as discussed below, having also distorted the elements of the doctrine itself, its application in this case is legally insupportable.
In Erickson v. Croft (1988), 233 Mont. 146, 760 P.2d 706, we discussed, but, on the basis of the facts of that case, did not recognize or adopt the doctrine of equitable tolling. Citing case law from other jurisdictions we described the elements of the doctrine as follows:
[C]ourts have adhered to a general policy which favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designated to lessen the extent of his injuries or damage. (Emphasis added).
Erickson, 760 P.2d at 708.
The three requirements referenced by this Court to justify the applicability of equitable tolling in the instant case were also mentioned in Erickson. Those criteria are, unfortunately, misstated in the opinion here. In Erickson, citing Collier v. City of Pasadena (1983), *419 142 Cal.App.3d 917, 191 Cal.Rptr. 681, 685, we listed the three requirements as follows:
(1) timely notice to the defendant [within the applicable statute of limitations] in filing the first claim;
(2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and
(3) good faith and reasonable conduct by the plaintiff in filing the second claim. (Emphasis added.)
Erickson, 760 P.2d at 708.
While declining to recognize equitable tolling in Erickson, we subsequently expressed some willingness to apply the doctrine when the Erickson requirements appeared to have been met. In Harrison v. Chance (1990), 244 Mont. 215, 797 P.2d 200, citing to the same three criteria as set forth in Erickson, we invoked the doctrine in order to allow a claimant to refile before the Human Rights Commission her claim which had become time-barred because she had erroneously, but in good faith, first filed in district court in reliance on previous case law which subsequently was legislatively overruled. Harrison, 797 P.2d at 208.
As referred to inHarrison, the doctrine of equitable tolling contemplates as threshold requirements (a) an injured party (plaintiff or claimant) who (b) had several possible legal remedies and (c) pursued one of those remedies reasonably and in good faith. Harrison, 797 P.2d at 208. Only if those threshold requirements are first met, is it then necessary to determine whether the injured party also meets the three additional criteria referred to, though misstated, in this Court’s instant opinion.
The plaintiffs in this case do not meet the three threshold requirements for the application of the doctrine. The plaintiffs here were not the plaintiffs in the Natelson action; they were the defendants. The plaintiffs here did not reasonably and in good faith first pursue a particular remedy from several others available to them; this is their first cause of action; they were defending the Natelson action. Quite simply, having failed to meet the threshold requirements for application of the doctrine of equitable tolling, we need not concern ourselves with whether plaintiffs comply with the remaining three criteria.
Moreover, in justifying the equitable tolling of the statute of limitations and the filing of plaintiffs’ time-barred causes of action on the basis of the premature filing of the Natelson action, this Court has also ignored other well established precedent. While equitable *420 tolling addresses the reasonableness and good faith ofplaintiff’s actions in bringing successive suits, tolling doctrines are much more restricted where, as here, it is the defendant’s actions which are alleged to have been responsible for plaintiff’s untimely filing of his claim.
We have allowed tolling of statutes of limitation on the basis of defendant’s conduct only under narrowly defined circumstances unquestionably not at issue here: i.e. where there is a showing of fraudulent concealment by the defendant calculated to obscure the existence of plaintiff’s cause of action and which lulls him into a false sense of security leading to his failure to timely initiate suit, Keneco v. Cantrell (1977), 174 Mont. 130, 136, 568 P.2d 1225, 1228; or where there is a relation of trust or confidence between the parties which imposes upon the defendant a duty of making full disclosure of the facts, Skierka v. Skierka Bros., Inc. (1981), 192 Mont. 505, 511, 512, 629 P.2d 214, 217-18.
In short, by misapplying and distorting the elements of the doctrine of equitable tolling in this case, we have established some very bad precedent, indeed. Not only have we thrown the threshold requirements for application of the doctrine of equitable tolling out the window, but we have also significantly expanded the circumstances under which action by a defendant will toll the statute of limitations on a plaintiff’s claim. Our decision on Issue 1 proves the old maxim that “hard cases make bad law.” They do, and we have.
Failing to meet the threshold requirements to invoke the doctrine, I would hold that plaintiffs here are not entitled to equitable tolling of the running of the statute of limitations on Counts II and V of their amended complaint. I would reverse on that issue and, accordingly, I respectfully dissent from this Court’s opinion on Issue 1.
JUSTICE GRAY joins in the special concurrence and dissent.