FILED

11/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0672

DA 16-0672

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 273

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

TALAN HARRINGTON,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC-15-095
Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Madison L. Mattioli, Assistant Attorney General, Helena, Montana

            Joshua Racki, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: August 16, 2017

Decided: November 7, 2017

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Talan Harrington (Harrington) appeals from an order of the Eighth Judicial District Court, Cascade County, denying Harrington's pretrial motions to dismiss charges relating to his arrest for sexual abuse of children.  We affirm.

¶2     We restate the issues on appeal as follows:

> *Issue One:  Whether there was sufficient evidence to establish that Harrington knowingly possessed child pornography.*
>
> *Issue Two:  Whether the statutory definition of possession, § 45-2-101(59), MCA, is unconstitutionally vague as applied to Harrington.*

### FACTUAL AND PROCEDURAL BACKGROUND

¶3     In 2012, Agent Albert Kinsey of the Department of Homeland Security utilized Child Protective System software to identify individuals in Montana engaged in file sharing of child pornography.  Based on Agent Kinsey's investigation, four different Internet Protocol (IP) addresses in Montana were identified to be associated with child pornography images.  Each IP address had files with descriptions and titles indicative of files containing child pornography.  One of the IP addresses showed the use of keyword searches commonly associated with child pornography.  All four of the IP addresses were assigned to Erin Nielsen in Great Falls, Montana.

¶4     Agent Kinsey contacted Great Falls Police Department Detective Jesse Slaughter and provided him with this information.  Detective Slaughter obtained a search warrant for Nielsen's home.  When officers executed the warrant, Nielsen denied ever looking at child pornography but told officers she had previously been in a relationship with

2

Harrington. Nielsen disclosed Harrington had lived with her until 2012. Further, Nielsen told Detective Slaughter her Wi-Fi signal is password protected; however, Harrington likely knew the password because he had placed a key logger device on her computer.

¶5 Agent Kinsey and Detective Slaughter went to Harrington's home. They informed Harrington that they had just executed a search warrant at Nielsen's home regarding a child pornography investigation. Harrington admitted to using Frostwire[1] to download two child pornography videos containing children aged seven and eight. Based upon Harrington's own admission, law enforcement asked Harrington to come down to the Great Falls Police Department for an interview. Harrington complied. Detective Slaughter seized a Sony laptop that was in plain view.

¶6 Harrington consented to search of the Sony laptop, waived his *Miranda* rights, and agreed to answer questions. Harrington again admitted to downloading the two pornographic files with seven- and eight-year-old children. Harrington said he had recently uninstalled and deleted Frostwire because his computer had been infected with a Trojan horse virus. Harrington told Agent Kinsey that when he used Frostwire he always individually selected his downloads and never did mass downloads. During the interview, Agent Kinsey and Detective Slaughter noted Harrington's aptitude for computers.

¶7 Special Agent Brent Johnsrud of the Department of Homeland Security conducted a forensic examination of the laptop. Agent Johnsrud used EnCase, a computer software

---

[1] Frostwire is a peer-to-peer network. Frostwire users can send and/or receive files directly to or from other users who are utilizing file sharing software programs.

program, to locate image files in the allocated space on Harrington's laptop and did not locate any suspected child pornography image files. Then Agent Johnsrud used EnCase to locate files in the unallocated space[2] on Harrington's laptop. Agent Johnsrud located twenty-four suspected child pornography image files. Agent Johnsrud immediately recognized two of the child pornographic images because he had encountered them in past forensic examinations.

¶8     Agent Johnsrud recovered the twenty-four image files depicting child pornography. Agent Johnsrud explained during examination that those files were most likely cache files created by the laptop as a normal function of the operating system. When a video is played, the operating system creates a thumbnail, an indirect cache image that displays the first frame of the video. Thus, the files were the result of child pornography videos being played on the laptop. In addition, the cache image could have been saved to the hard drive if a user partially downloaded a video. The images found on Harrington's laptop most likely derived from incomplete videos being downloaded and viewed using the Frostwire software. Additionally, Agent Johnsrud discovered link files[3] containing names indicative of child pornography associated with Frostwire and the user

---

[2] A hard drive consists of allocated space and unallocated space. Allocated space is space on a hard drive that a user can readily access. When a file in allocated space is deleted, it is moved to unallocated space on a hard drive . Unallocated space is not readily accessible by a user. However, the items in unallocated space remain on the hard drive and can be accessed until they are overwritten by other data.

[3] A link file is created when a file or program is opened. Link files are then typically stored in the recent folder associated with the user account that was used to access the file.

4

account titled "Talon."[4]  The user downloading the file from Frostwire would have seen the name of the video file when it was selected.

¶9  Agent Johnsrud concluded through his investigation that the video files had been deleted after having been opened and/or viewed.  Further, Agent Johnsrud concluded based on the link files, that the video files were opened and/or viewed between October 21, 2012, and January 7, 2013.

¶10  Based on the information discovered by Agents Kinsey and Johnsrud, the State charged Harrington with twenty-four counts of sexual abuse of children.  On September 10, 2015, Harrington filed his first motion to dismiss based on insufficient evidence to prove the requisite mens rea.  On October 5, 2015, Harrington filed his second motion to dismiss arguing that the statutory definition of possession is unconstitutionally vague as it applies to Harrington's case.  On December 29, 2015, the District Court held a hearing on both motions.  Subsequently, the District Court issued a Findings of Fact, Conclusions of Law, and Order denying both motions.  On June 1, 2016, Harrington pleaded guilty to one count of sexual abuse of children pursuant to a plea agreement.  Harrington reserved the right to appeal the District Court's denial of the two motions.  Harrington timely appealed.

**STANDARD OF REVIEW**

¶11  We conduct a de novo review of the record for sufficient evidence.  *State v. Bekemans*, 2013 MT 11, ¶ 18, 368 Mont. 235, 293 P.3d 843.  We review the record for sufficient evidence in the light most favorable to the prosecution.  *State v. Gunderson*,

---

[4] It is undisputed that Harrington used the user name "Talon" on his laptop.

2010 MT 166, ¶ 58, 357 Mont. 142, 237 P.3d 74. There is sufficient evidence to support a conviction if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *State v. Finley*, 2011 MT 89, ¶ 18, 360 Mont. 173, 252 P.3d 199.

¶12 This Court reviews the denial of a motion to dismiss in a criminal case de novo. *State v. Dugan*, 2013 MT 38, ¶ 13, 369 Mont. 39, 303 P.3d 755. Statutes are presumed to be constitutional. A party challenging a statute's constitutionality must establish, "beyond a reasonable doubt, that the statute is unconstitutional, and any doubt must be resolved in favor of the statute." *State v. Michaud*, 2008 MT 88, ¶ 15, 342 Mont. 244, 180 P.3d 636. The constitutionality of a statute is a question of law, which we review for correctness. *State v. Knudson*, 2007 MT 324, ¶ 12, 340 Mont. 167, 174 P.3d 469.

## DISCUSSION

¶13 *Issue One: Whether there was sufficient evidence to establish that Harrington knowingly possessed child pornography.*

¶14 The District Court determined that there was sufficient evidence to establish Harrington acted knowingly when he possessed child pornography. Harrington argues he could not possess dominion and control over the images because they were stored in unallocated space which could only be accessed using sophisticated forensic software. The State counters that although the images were found in unallocated space, Harrington's own admissions and conduct would allow a rational jury to find that Harrington knowingly possessed child pornography.

6

¶15 Section 45-5-625(1)(e), MCA, provides: "A person commits the offense of sexual abuse of children if the person . . . knowingly possesses any visual or print medium, including a medium by use of electronic communications in which a child is engaged in sexual conduct, actual or simulated." Visual medium means, in part, "any disk, diskette, or other physical media that allows an image to be displayed on a computer or other video screen and any image transmitted to a computer or other video screen by telephone line, cable, satellite transmission, or other method." Section 45-5-625(5)(d)(ii), MCA.

¶16 A person commits the offense of sexual abuse of children by, among other things, "knowingly" possessing photographs of a child engaged in actual or simulated sexual activity. In other words, possession of such photographs alone renders one in violation of § 45-5-625(1)(e), MCA. Therefore, the correct "knowingly" definition under § 45-5-625(1)(e), MCA, is "a person acts knowingly with respect to conduct . . . when the person is aware of the person's own conduct . . . ." *State v. Hovey*, 2011 MT 3, ¶ 20, 359 Mont. 100, 248 P.3d 303 (quoting § 45-2-101(35), MCA).

¶17 Possession is defined as "the knowing control of anything for a sufficient time to be able to terminate control." Section 45-2-101(59), MCA. Possession can be actual or constructive. *State v. Meader*, 184 Mont. 32, 42, 601 P.2d 386, 392 (1979) (internal citations omitted). Actual possession means that the contraband is in the personal custody of the person, whereas constructive possession means that the person charged with possession has dominion and control over the prohibited contraband. *Meader*, 184 Mont. at 42, 601 P.2d at 392. The Ninth Circuit has reasoned, and we agree, that in an electronic context, a person can possess or receive child pornography without

7

downloading it if he or she seeks it out and exercises dominion and control over it. *United States v. Romm*, 455 F.3d 990, 1000 (9th Cir. 2006).

¶18 Harrington relies principally on *United States v. Kuchinski*, 469 F.3d 853 (9th Cir. 2006), and *United States v. Flyer*, 633 F.3d 911 (9th Cir. 2011), to support his argument that he did not knowingly possess child pornography because the images found were in unallocated space. However, these cases are factually distinguishable from Harrington's case because in *Kuchinski* and *Flyer* the United States failed to present any evidence to show knowing possession of the child pornography files by the defendants.

¶19 In *Kuchinski*, the defendant was not held responsible for the thousands of images of child pornography found within his cache. *Kuchinski*, 469 F.3d at 862-63. Kuchinski admitted to downloading 110 images of child pornography, but at sentencing he was held accountable for thousands of images found in the cache.[5] *Kuchinski*, 469 F.3d at 861-62. The Court noted that the thousands of images found within the cache could have been automatically downloaded when the 110 images were downloaded and viewed by Kuchinski. *Kuchinski*, 469 F.3d at 862-63. Therefore, the Court concluded it was improper to consider the thousands of additional images found in the cache because there was no evidence he downloaded the additional images, clicked on the images, enlarged them, or viewed them. *Kuchinski*, 469 F.3d at 863.

¶20 In *Flyer*, the defendant's possession of child pornography conviction was overturned. *Flyer*, 633 F.3d at 919. The Court established that the mere presence of

---

[5] For purposes of sentencing, the number of child pornographic images could increase a defendant's offense level.

child pornographic images in "unallocated space" on a computer hard drive, by itself, is not sufficient to prove knowing possession of child pornography. *Flyer*, 633 F.3d at 919. Further, the Ninth Circuit concluded that "deletion of an image alone does not support a conviction for knowing possession of child pornography . . . ." *Flyer*, 633 F.3d at 920.

¶21    Harrington argues that based on *Kuchinski* and *Flyer* this case must result in a dismissal of his charges. However, in *Kuchinski* the defendant never admitted to seeking out, downloading, or viewing the images in question. *Kuchinski*, 469 F.3d at 862. Thus, *Kuchinski* held that images in the cache alone do not suffice to support a finding of knowing possession. *Kuchinski*, 469 F.3d at 863. Similarly, Flyer made no admission that he had viewed the charged images on or near the time alleged in the indictment. *Flyer*, 633 F.3d at 919. Consequently, *Flyer* held that images found in unallocated space without any other supporting evidence of possession do not suffice to support a finding of knowing possession. *Flyer*, 633 F.3d at 911. Therefore, based on *Kuchinski* and *Flyer*, the State must have evidence that the child pornographic files on Harrington's laptop were not the product of an automatic or accidental download which were then deleted.

¶22    Here, the State had evidence, other than the mere presence of the images in the unallocated space, to support that Harrington knowingly possessed the images. Harrington admitted to using Limewire to intentionally seek out and download two pornographic videos containing children. Further, he admitted that he never mass downloaded from Limewire, and therefore would individually pick out and download files from Limewire. Harrington's laptop showed evidence that confirmed Harrington's admission. The forensic analysis conducted on the laptop not only discovered cache files

9

in the hard drive but link files that could be directly traced back to the user name "Talon." The link files had names indicative of child pornography and would have been visible to Harrington before opening them. The link file evidence shows that the videos associated with the user "Talon" had been viewed on the laptop. Taken together, these circumstances demonstrate more than sufficient evidence to support knowing possession of child pornography because there was more than just cache images or deleted images.

¶23 Harrington attempts to distinguish *Romm*; however, the case is more akin to Harrington's case than *Kuchinski* and *Flyer*. In *Romm*, the defendant's conviction for possessing child pornography was upheld. *Romm*, 455 F.3d at 1001. Romm admitted to seeking out child pornography. *Romm*, 455 F.3d at 1000. By Romm's own admission he would view the images for a few minutes, then he would delete the images. *Romm*, 455 F.3d at 1000. While those images were displayed on his screen they were simultaneously stored to his cache. *Romm*, 455 F.3d at 1000-01. The Court concluded based on the above-mentioned evidence a reasonable jury could conclude that Romm knowingly possessed child pornography. *Romm*, 455 F.3d at 1001.

¶24 Viewing the evidence in the light most favorable to the prosecution, we agree with the District Court that there is sufficient evidence that a rational jury could have found Harrington guilty of sexual abuse of children because he knowingly possessed child pornography.

10

¶25 *Issue Two: Whether the statutory definition of possession, § 45-2-101(59), MCA, is unconstitutionally vague as applied to Harrington.*

¶26 The District Court determined that the statutory definition of possession, § 45-2-101(59), MCA, was not vague as applied to Harrington. Harrington argues the statutory definition of possession criminalizes otherwise innocent conduct, such as deleting unwanted or illegal computer files. Therefore, Harrington asserts that he could not have understood what conduct would subject him to prosecution. The State counters that as applied to Harrington the statutory definition of possession is not unconstitutionally vague because Harrington sought out and downloaded child pornography, a clear violation of the statute.

¶27 We presume that all statutes are constitutional. *State v. Dixon*, 2000 MT 82, ¶ 14, 299 Mont. 165, 998 P.2d 544. A vagueness challenge to a statute may be maintained under two different theories: (1) because the statute is so vague that it is rendered void on its face; or (2) because it is vague as applied in a particular situation. *State v. Watters*, 2009 MT 163, ¶ 24, 350 Mont. 465, 208 P.3d 408. "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Dugan*, ¶ 66 (internal citations omitted).

¶28 For vague-as-applied challenges, a court must determine (1) whether the statute in question provides a person with "actual notice" and (2) whether it provides "minimal guidelines" to law enforcement. *Dugan*, ¶ 67 (citing *Watters,* ¶ 32). To determine whether the challenged statute provides "actual notice," courts examine the statute in light of the defendant's conduct to determine if the defendant reasonably could have

11

understood that the statute prohibited such conduct. *Watters*, ¶ 32. Therefore, the issue is whether Harrington could have reasonably understood that the statute proscribed his conduct—seeking out and downloading child pornography.

¶29 Section 45-2-101(59), MCA, which Harrington challenges as unconstitutionally vague as applied to him, defines possession as "the knowing control of anything for a sufficient time to be able to terminate control." First, we determine if the statute would provide actual notice to Harrington of what conduct is proscribed. The statute clearly applies to Harrington's conduct. Harrington pleaded guilty to the possession of child pornography. Harrington admitted to seeking out, and downloading child pornography. Then Harrington deleted the files, resulting in the images being stored in the unallocated space of his laptop's hard drive. Knowingly downloading child pornography with the intent to view and then deleting it would fall within a reasonable understanding of "possession." A reasonable person of average intelligence would have clearly understood that entering search terms associated with child pornography into Limewire and then downloading child pornography files would fall within the scope of possession of child pornography.

¶30 Second, we determine whether the Legislature established minimal guidelines to govern law enforcement regarding Harrington's conduct. Here, Harrington contends that the definition of possession regarding computer images could include otherwise innocent conduct. Harrington admitted to searching child pornography and then downloaded two specific files with children seven and eight years old. Clearly, Harrington knowingly controlled the files of child pornography on his laptop sufficiently to delete them.

Harrington's arguments that a prosecutor could bring charges against a defendant who involuntarily downloaded child pornography and then immediately disposed of it do not apply to Harrington's conduct. Harrington knowingly sought out multiple child pornography files to download; this is clearly not a case of involuntary download. We conclude that § 45-2-101(59), MCA, is not unconstitutionally vague as applied to Harrington's conduct.

## CONCLUSION

¶31 We conclude that the District Court did not err when it determined that the State presented sufficient evidence for a reasonable jury to find that Harrington knowingly possessed child pornography. Further, we conclude that Montana's statutory definition of possession under § 45-2-101(59), MCA, is not unconstitutionally vague as applied to Harrington's conduct. Therefore, the District Court properly denied Harrington's motions to dismiss.

¶32 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

13