FILED

03/23/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0033

OP 21-0033

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 72

DARLENE LESAGE,

      Petitioner,

  v.

TWENTIETH JUDICIAL DISTRICT COURT,
HON. DEBORAH KIM CHRISTOPHER, Presiding Judge,

      Respondent.

ORIGINAL PROCEEDING:   Petition for Writ of Supervisory Control
In and For the County of Lake, Cause No. DC-20-252
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Petitioner:

          Gregory A. McDonnell, Thomas C. Orr Law Offices, P.C., Missoula,
          Montana

      For Respondent:

          Hon. Deborah Kim Christopher, Self-Represented, Twentieth Judicial
          District Court, Polson, Montana

      For the State of Montana:

          Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant
          Attorney General, Helena, Montana

Submitted on Briefs:  February 26, 2021

Decided:   March 23, 2021

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion and Order of the Court.

¶1 Petitioner Darlene Lesage petitions this Court for a writ of supervisory control reversing the January 8, 2021, order of the Montana Twentieth Judicial District Court, Lake County, denying her motion to substitute the presiding judge, the Hon. Deborah Kim Christopher, in the underlying matter of *State v. Lesage*, Cause No. DC-20-252. Supervisory control is an extraordinary remedy justified in our discretion only when urgency or emergency factors make the normal appeal process inadequate, purely legal questions are involved, and, as pertinent here, the lower court has erroneously granted or denied a motion for substitution of judge in a criminal case. M. R. App. P. 14(3)(c); *State ex rel. Dusek v. Eighth Judicial Dist. Court*, 2003 MT 303, ¶¶ 6-7, 318 Mont. 166, 79 P.3d 292. Upon due consideration of the petition and the separate summary responses of the District Court and State of Montana, the petition is hereby denied.

¶2 In a criminal case, "[each] party is entitled to one substitution of a district judge." Section 3-1-804(1), MCA. The "motion for substitution . . . [in a criminal case] must be filed within 10 calendar days after the defendant's arraignment." Section 3-1-804(1)(b), MCA. A "motion for substitution is effective upon filing" except that, for criminal defendants who are represented by privately retained counsel, "the motion . . . is not effective for any purpose unless the substitution motion fee required by 25-1-201[1] is paid to the clerk of the district court." Section 3-1-804(3), MCA. Upon filing of a "timely motion," the judge who is the subject of the motion generally has no "power to act on the

---

[1] The filing fee for a motion to substitute a judge is $100. Section 25-1-201(1)(p), MCA.

merits . . . or to decide legal issues in the case" and "has the duty of calling in [a] subsequent district judge[]." Section 3-1-804(5)-(6), MCA. However, "[a]ny motion . . . that is not timely filed is void." Section 3-1-804(4), MCA. In that regard, the judge who is the subject of the substitution motion retains "jurisdiction to determine [the] timeliness" of the motion and "shall enter an order denying the motion" if untimely. Section 3-1-804(4), MCA. The subject judge thus retains jurisdiction to determine whether the movant timely filed the motion in accordance with all filing prerequisites and conditions specified in the rule. *See Mines Mgmt., Inc. v. Fus*, 2014 MT 256, ¶¶ 6-12, 376 Mont. 375, 334 P.3d 929 (affirming district court denial of substitution motion on determination of inapplicability of § 3-1-804(12), MCA (right to substitution on remand from reversal or modification on appeal)). A district court determination as to whether a substitution motion was timely filed in accordance with the filing prerequisites and conditions specified in § 3-1-804, MCA, is a question of law reviewed de novo for correctness. *Mines Mgmt.*, ¶ 5.

¶3      Here, Lesage is the defendant in the underlying criminal matter. Prior to her formal arraignment under the State's charging Information, her privately-retained counsel (Gregory McDonnell) filed a notice of appearance and motion to continue her arraignment on November 24, 2020. The District Court granted the unopposed motion and reset Lesage's arraignment for December 10, 2020. On December 18, 2020, following Lesage's December 10 arraignment, her counsel, through an assistant, mailed a motion to substitute the presiding judge to the Clerk of District Court for filing. The transmittal did not include the statutorily prescribed filing fee.

¶4 As indicated by the County Attorney's receipt in the same building of a simultaneously mailed service copy, the Clerk's office received the motion on December 21, 2020. However, without explanation, the Clerk immediately returned it by mail without filing to Lesage's counsel due to failure to include the requisite filing fee. Upon receipt, and subsequent inquiry of the Clerk of Court, on December 23, 2020, counsel immediately emailed a scanned copy of the motion back to the Clerk of Court and separately placed a $100 filing fee check in the mail. Upon receipt of the email copy of the motion, the Clerk of Court docketed the email copy of the motion later that same day, December 23, 2020, but did not date-stamp it as filed pending receipt of the filing fee. There is no record as to when the Clerk actually received mail delivery of the filing fee, but the motion was not date-stamped for filing until December 28, 2020.

¶5 On January 11, 2021, the District Court denied the motion for substitution of judge on the stated ground that it was not timely filed in accordance with filing fee requirement of § 3-1-804(3), MCA. On January 15, 2021, Lesage petitioned this Court for exercise of supervisory control reversing the District Court's denial of the substitution motion on the asserted grounds that the motion was timely "filed" by email on December 23, 2020, with the filing fee then timely paid by mail within the 3-day mail service window allowed under Uniform District Court Rule 2(e) (UDCR).

¶6 However, it is beyond genuine material dispute that Lesage was arraigned on December 10, and that the 10-day substitution motion filing thus expired no later than December 21, 2020. *See* § 3-1-804(1)(b), MCA; UDCR 2(e) (motion practice "[t]ime computation shall be governed by" M. R. Civ. P. 6); M. R. Civ. P. 6(1). It is similarly

4

beyond genuine material dispute that Lesage's email delivery of the motion to the Clerk did not occur until two days later, on December 23, and that neither her December 21 mail transmittal, nor her subsequent December 23 email transmittal, included or were accompanied by payment of the attendant filing fee. It is similarly beyond dispute that she did not place the filing fee in the mail until December 23. Thus, the District Court correctly concluded that Lesage did not timely file her substitution motion in accordance with the filing fee requirement of § 3-1-804, MCA.

¶7 Pursuant to M. R. Civ. P. 6(d) (3-day extension of service deadlines for mail service of process), and citing *Schaffer v. Champion Home Builders Co*., 229 Mont. 533, 536, 747 P.2d 872, 874 (1987), for the proposition that "[a] mailed motion is filed when placed in the custody of the clerk," Lesage counters that she timely filed the email copy of her motion on December 23, the day before the mail-extended filing deadline expired on December 24. In *Schaffer*, we considered whether a district court correctly dismissed a complaint as time-barred where the plaintiff mailed the complaint for filing three days before the statute of limitations expired, but the clerk of court did not receive it in the mail for filing until the next day. *Schaffer*, 229 Mont. at 535-36, 747 P.2d at 873-74. In affirming, we distinguished the effect of *filing* by mail from mail *service*, to wit:

> "[A] civil action is commenced by filing a complaint with the court." Rule 3, M. R. Civ. P. "Filing" is the operative verb [sic]. "Filing" is defined in Rule 5(e), M. R. Civ. P.: "The filing of pleadings and other papers with the court as required by these rules shall be made by *filing them with* the clerk of court . . . [.]" The words "filing them with" are not the equivalent of "mailing them to." Unlike service by mail, which is complete on the date of mailing, filing by mail is not complete until the pleading is placed in the custody of the clerk of court.

5

*Schaffer*, 229 Mont. at 536, 747 P.2d at 874 (emphasis in original). Contrary to the proposition asserted by Lesage, *Schaffer* thus essentially held that the 3-day deadline extension for mailing applied only to *service* of process and papers, not to court filing deadlines. *Schaffer*, 229 Mont. at 536, 747 P.2d at 874. *See also* M. R. Civ. P. 5(b) and 6(d) (expressly referring to manner of "service"); *Black's Law Dictionary* (11th ed. 2019) (defining "filing" as, *inter alia*, "[t]he act . . . of submitting or lodging a document with a clerk of court . . ."). Thus, neither M. R. Civ. P. 6(d), nor *Schaffer*, are of avail to Lesage here.

¶8 Even if they were, her assertion in any event fails to account for the express language of § 3-1-804(3), MCA, stating that "the motion . . . is not effective for any purpose unless the substitution motion fee required by 25-1-201[2] is paid to the clerk of the district court." Under the express language of the rule, Lesage's substitution motion was not timely filed and effective in accordance with the filing fee requirement of § 3-1-804(3), MCA, until the clerk of court actually received her filing fee. She did not mail her filing fee until two days after the December 21 deadline expired and thus did not timely pay her filing fee as required by § 3-1-804(3), MCA.

¶9 In apparent recognition of this impassable roadblock, Lesage alternatively asserts that § 3-1-804(3), MCA, denies her equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution and Article II, Section 4, of the Montana Constitution because it treats privately represented and non-indigent

---

[2] The filing fee for a motion to substitute a judge is $100. Section 25-1-201(1)(p), MCA.

self-represented defendants differently from State prosecutors and indigent defendants represented by the Office of the State Public Defender (OPD). We acknowledge that § 3-1-804(3), MCA, differentiates between two classes by making substitution motions filed by or through government actors (*i.e.*, prosecutors and OPD-represented indigent defendants) immediately effective pending subsequent payment from the public purse, while making those filed by privately represented and non-indigent self-represented defendants effective only upon payment of the filing fee.

¶10 However, even assuming *arguendo* that § 3-1-804(3), MCA, discriminates between similarly situated classes, equal protection challenges are generally subject only to rational basis scrutiny, absent demonstration that the alleged discrimination implicates a fundamental constitutional right or constitutionally suspect classification. *State v. Ellis*, 2007 MT 210, ¶¶ 10-11, 339 Mont. 14, 167 P.3d 896; *Snetsinger v. Mont. Univ. Sys.*, 2004 MT 390, ¶¶ 16-19, 325 Mont. 148, 104 P.3d 445; *Clark v. Jeter*, 486 U.S. 456, 461-62, 108 S. Ct. 1910, 1914 (1988). Under rational basis scrutiny, legislative enactments and procedural rules of court are presumed constitutional, with the challenger bearing the heavy burden of demonstrating that the enactment or rule is not rationally related to any legitimate government interest. *State v. Harrington*, 2017 MT 273, ¶ 12, 389 Mont. 236, 405 P.3d 1248; *Stratemeyer v. Lincoln Cty.*, 259 Mont. 147, 152-53, 855 P.2d 506, 509-10 (1993); *State v. Spina*, 1999 MT 113, ¶ 86, 294 Mont. 367, 982 P.2d 421 (citation omitted). The right to substitute a district judge neither is, nor derives from, a fundamental federal or state constitutional right. It is a procedural rule of court, discretionarily afforded by this Court with the tacit approval of the Legislature pursuant to Article VII, Section 2(3), of the

Montana Constitution, available only in accordance with its express prerequisites and conditions. *See* § 3-1-804(1), MCA (Sup. Ct. Order., June 17, 1987, as amended). On the undisputed factual record and cursory legal analysis asserted in this case, Lesage has failed to demonstrate that § 3-1-804(3), MCA, is either subject to strict or intermediate constitutional scrutiny, or is otherwise not rationally related to any legitimate government purpose or interest. Consequently, she has not demonstrated that exercise of discretionary supervisory control is warranted on constitutional grounds here.

¶11 We hold that Lesage has failed to demonstrate that the District Court erroneously denied her motion for substitution of judge on the ground that it was untimely in accordance with the filing fee requirement of § 3-1-804(3), MCA. We therefore decline to exercise supervisory control under the particular circumstances in this case.

¶12 IT IS THEREFORE ORDERED that Lesage's Petition for Writ of Supervisory Control is DENIED. The Clerk of this Court is directed to provide immediate notice of this Opinion and Order to counsel for Petitioner, all counsel of record in the Twentieth Judicial District Court, Lake County, Cause No. DC-20-252, and the Honorable Deborah Kim Christopher, presiding.

Dated this 23rd day of March, 2021.

/S/ DIRK M. SANDEFUR

We concur:

/S/ INGRID GUSTAFSON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON