FILED

11/16/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0218

DA 21-0218

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 296

LLOYD SCOTT MAIER,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 21-0431
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Lloyd Scott Maier, Self-Represented, Shelby, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Bree Gee, Assistant Attorney
General, Helena, Montana

Scott D. Twito, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:  October 27, 2021

Decided:  November 16, 2021

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Lloyd Scott Maier appeals the April 28, 2021 Order by the Thirteenth Judicial District Court, Yellowstone County, denying his petition to expunge or redesignate as a civil infraction his felony conviction of criminal possession of dangerous drugs. We address the following issue on appeal:

> *Whether Maier's conviction for possessing over 60 grams of marijuana entitles him to expungement or redesignation of the conviction as a civil infraction under the Montana Marijuana Regulation and Taxation Act.*

¶2 We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Maier's marijuana conviction stems from a January 31, 1991 search warrant for a weapon that uncovered a marijuana grow operation at Maier's house. The State charged Maier with criminal possession of dangerous drugs with intent to sell, a felony, in violation of § 45-9-103(1), MCA (1989), after Billings police officers found 32 marijuana plants and equipment at his residence. Maier challenged the search, claiming that officers exceeded the scope of their warrant and evidence of the marijuana grow operation was inadmissible against him.

¶4 In February 1992, Maier pled guilty to possessing over 60 grams of marijuana in violation of § 45-9-102(1), MCA (1989). Maier's signed plea agreement for the offense of criminal possession of dangerous drugs, a felony, stated in its entirety: "On Jan. 31, 1991, I had in my possession over 60 grams of marijuana weed. Was with my knowledge and I knew it was wrong."

¶5      In the 2020 general election, voters passed Initiative No. 190 (I-190), the Montana Marijuana Regulation and Taxation Act (MMRTA), now codified as Title 16, chapter 12, MCA.[1]  The MMRTA allows for the legal possession and use of limited quantities of marijuana for adults over the age of 21.  Section 16-12-101(2)(a), MCA.  The MMRTA also authorizes courts to redesignate or expunge the criminal records of persons who have completed sentences for acts now permitted, or for which the penalty is now reduced, under the law.  Sections 16-12-101(2)(l), -113(5)(a), MCA.

¶6      Maier petitioned for expungement or redesignation of his marijuana conviction on April 7, 2021.  The District Court denied Maier's petition, holding that he is not eligible for expungement or redesignation because the MMRTA does not permit the marijuana-related conduct for which Maier was convicted.  In reaching its decision, the District Court noted only that "Petitioner was responsible for a marijuana grow operation in which thirty-two (32) marijuana plants were found at his residence pursuant to a search by the Billings Police Department on January 31, 1991."

---

[1] Maier cites to I-190 in his petition, which he filed with the District Court on April 7, 2021.  The State's briefing cites to House Bill 701, which amended and superseded I-190 when it was passed by the Montana Legislature and signed into law by the Governor on May 18, 2021.  In Maier's case, the outcome is the same under either I-190 or H.B. 701.  We conduct our analysis under the statutory scheme that is now in effect, Title 16, chapter 12, MCA, but we do so without determining whether the statute or the ballot initiative should apply to petitions filed before May 18, 2021.

**STANDARD OF REVIEW**

¶7    A district court's statutory interpretation is a question of law, which we review for correctness. *Rairdan v. State*, 2021 MT 247, ¶ 6, 405 Mont. 467, 495 P.3d 1050 (citations omitted).

**DISCUSSION**

*Whether Maier's conviction for possessing over 60 grams of marijuana entitles him to expungement or redesignation of the conviction as a civil infraction under the Montana Marijuana Regulation and Taxation Act.*

¶8    Montana courts have jurisdiction to expunge criminal records pursuant to statute. *Rairdan*, ¶ 10 (citing *State v. Chesley*, 2004 MT 165, ¶ 14, 322 Mont. 26, 92 P.3d 1212). In construing a statute, "the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. "Statutory language must be construed according to its plain meaning and if the language is clear and unambiguous, no further interpretation is required." *Mont. Cannabis Indus. Ass'n v. State*, 2016 MT 44, ¶ 62, 382 Mont. 256, 368 P.3d 1131 (citation omitted). "We construe a statute by reading and interpreting the statute as a whole, without isolating specific terms from the context in which they are used by the Legislature." *State v. Felde*, 2021 MT 1, ¶ 19, 402 Mont. 391, 478 P.3d 825 (citations and internal quotations omitted). Statutory construction should not lead to absurd results if a reasonable interpretation can avoid it. *City of Missoula v. Fox*, 2019 MT 250, ¶ 18, 397 Mont. 388, 450 P.3d 898.

¶9 A person who has completed a sentence for an act that is permitted under the MMRTA, or punishable by a lesser sentence than the person's original sentence, may petition the sentencing court to expunge the conviction or redesignate the conviction as a misdemeanor or civil infraction in accordance with the MMRTA. Section 16-12-113(5), MCA. Upon receiving a petition, the court shall presume the petitioner satisfies the criteria for expungement, unless the county attorney provides the court with a reasonable basis[2] on which the petitioner does not satisfy the criteria. Section 16-12-113(6), MCA. Though not required, a petitioner may request a hearing before the court grants or denies an application. Section 16-12-113(7), MCA. If the court determines the petitioner satisfies the requisite criteria, then the court shall redesignate the conviction as a misdemeanor or civil infraction or expunge the conviction as legally invalid. Section 16-12-113(6), MCA.

¶10 Relevant to this case, the MMRTA outlines the following three categories for possession of personal use marijuana. Section 16-12-106(1)(a), MCA, allows a person to possess less than one ounce of "useable marijuana." Section 16-12-106(7), MCA, designates the possession of more than one ounce, but less than two ounces, of marijuana as being punishable by a civil fine or community service. Section 16-12-106(1)(c), MCA, sets forth rules for individuals legally "possessing . . . up to two mature marijuana plants

---

[2] The Legislature lowered the county attorney's burden of proof from "clear and convincing evidence" under I-190 to "a reasonable basis" in H.B. 701.

and two seedlings[3] . . . and any marijuana produced by the plants in excess of 1 ounce." This section requires that the "marijuana produced by the plants in excess of 1 ounce must be kept in a locked space in or on the grounds of one private residence and may not be visible by normal, unaided vision from a public place." Section 16-12-106(1)(c)(i), MCA.

¶11     Section 16-12-106(1)(c)(i), MCA, allows for a person legally cultivating marijuana for personal use to at any given time possess marijuana in excess of one ounce. This makes sense because every plant will produce differing amounts of marijuana that will be consumed at different rates. Therefore, the law permits a person who is legally cultivating marijuana plants in his home to possess more marijuana than would otherwise be allowed, but requires that the "excess" marijuana "produced by the plants" be stored out of sight in a locked space in or on the grounds of a private residence. For this section to apply, however, a person must first be legally growing marijuana plants in his home.

¶12     The threshold criteria allowing a person to expunge or redesignate a conviction requires that the person has "completed a sentence for an act that is permitted under [the MMRTA]." The "act" for which Maier was convicted and completed his sentence was possessing over 60 grams of marijuana. Converted to standard weight, 60 grams is 2.12 ounces. Possession of over two ounces of marijuana is not a permitted act under the MMRTA. Section 16-12-106(7), MCA.

---

[3] The Legislature cut the number of allowable plants under this section from "up to four mature marijuana plants and four seedlings" under I-190 to "up to two mature marijuana plants and two seedlings" in H.B. 701.

¶13    The State argues that the District Court properly denied Maier's petition to expunge or redesignate his marijuana conviction because the conviction was based on Maier's possession of 32 marijuana plants.[4] The State's argument is misplaced. The act for which Maier was convicted and completed his sentence is not possession of 32 marijuana plants—it is possession of over 2.12 ounces of marijuana. That is the dispositive consideration for determining eligibility for expungement or redesignation.

¶14    Maier argues that his conviction qualifies for expungement or redesignation under § 16-12-106(1)(c)(i), MCA, because, at the time of his arrest, his marijuana was in his private residence, and not visible from a public place. Maier's argument is similarly misplaced. While Maier is correct that § 16-12-106(1)(c)(i), MCA, permits possession of an indeterminate amount of marijuana in a private residence, that provision applies only to marijuana produced by plants cultivated within the parameters of § 16-12-106(1)(c), MCA.

¶15    Maier is correct that the State and the District Court improperly conflate the underlying allegations of a dismissed offense with the conviction and sentence that Maier served and is now seeking to expunge. By the same token, though, Maier's assertion that we should not consider the circumstances of his grow operation renders his reliance on § 16-12-106(1)(c)(i), MCA, ineffective. Maier maintains that the State's discovery of

---

[4] Though ultimately irrelevant to our determination, the State argues that the District Court should be allowed to consider the unsubstantiated allegations surrounding Maier's arrest and initial charge because the rules of evidence do not apply to a court's expungement determination. This is manifestly incorrect. The MMRTA requires that "[a]ll proceedings [involving petitions for expungement or resentencing of a marijuana conviction] must be conducted in accordance with the rules of evidence and procedure governing district courts." Section 16-12-115(1)-(2), MCA.

marijuana plants in his home is not in any way relevant to his conviction because his plea agreement only admits to marijuana possession. But the marijuana possession to which he admitted, and for which he was convicted and completed his sentence, was for over two ounces, an act not permitted by the MMRTA. In order for Maier to rely on the indeterminate possession limit allowed by § 16-12-106(1)(c)(i), MCA, the court must consider whether § 16-12-106(1)(c), MCA, applies in the first place. Maier's plea agreement and resulting conviction say nothing about the circumstances of his marijuana possession, other than he possessed greater than 60 grams.[5]

## CONCLUSION

¶16 On its face, Maier's conviction for possessing over 60 grams of marijuana does not qualify for expungement or redesignation under the MMRTA. Neither § 16-12-106(1)(a), MCA, nor § 16-12-106(7), MCA, permits a person to possess more than two ounces of marijuana. Although § 16-12-106(1)(c)(i), MCA, allows a person to possess an indeterminate amount of marijuana, it applies only to marijuana produced and stored in the home in accordance with § 16-12-106(1)(c), MCA. The District Court did not err by denying Maier's petition to expunge his conviction for possession of dangerous drugs.

¶17 We affirm.

/S/ JAMES JEREMIAH SHEA

---

[5] It is certainly conceivable that, pre-MMRTA, an individual may have pled guilty to possession of more than 60 grams of marijuana that would qualify for expungement because it was produced and stored in a private residence in accordance with § 16-12-106(1)(c)(i), MCA. If the conviction, on its face, does not qualify for expungement, an evidentiary hearing may be required to determine the circumstances of the possession.

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE