

FILED

12/20/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0623

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0623

STATE OF MONTANA,

Petitioner,

v.

MONTANA FOURTH JUDICIAL DISTRICT
COURT, MISSOULA COUNTY, HON. JASON
MARKS, Presiding,

Respondent.

FILED

DEC 20 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Petitioner State of Montana seeks a writ of supervisory control directing the Fourth Judicial District Court, Missoula County, to vacate its August 8, 2022 Order Dismissing DUI 4th Offense (Count 2) and reinstitute that charge in its Cause No. DC-2021-568. In that Order, the District Court dismissed a felony charge of Driving Under the Influence—4th Offense against Defendant Tamara Lynn Brooks because the court determined that Brooks had two previous DUI convictions and the State improperly counted a pending DUI charge as her "third offense" in order to charge her with a fourth offense here. The petition asserts that the District Court erred as a matter of law when it ruled that the express language of §§ 61-8-1008(1)(a), -1011(1)(a)(i), and -1011(1)(b), MCA (2021), precluded the State from simultaneously anticipatorily charging a defendant who had only two prior DUI convictions and another pending misdemeanor DUI charge with yet another DUI as a felony 4th DUI. The State alleges supervisory control is therefore necessary in this case.

We invited Brooks, the District Court, and the Attorney General to respond to the State's petition. Brooks did not file a response, the District Court responded in opposition, and the Attorney General filed notice that it did not intend to respond, noting that it was not involved in the decision to draft and file the pending petition and that it was unaware of the petition until it received this Court's Order.

Supervisory control is an extraordinary remedy that may be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate. M. R. App. P. 14(3). The case must also meet one of three additional criteria: (a) the other court is proceeding under a mistake of law and is causing a gross injustice; (b) constitutional issues of state-wide importance are involved; or (c) the other court has granted or denied a motion for substitution of a judge in a criminal case. M. R. App. P. 14(3)(a)-(c); *accord State ex rel. Hubbert v. Dist. Court*, 54 Mont. 472, 473, 171 P. 784, 785 (1918), citing *State ex rel. Carroll v. Dist. Court*, 50 Mont. 428, 147 P. 612 (1915) (supervisory control available for "correction of [a] manifest error" of law that will result in "gross injustice"). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

As noted above, this petition arose out of a criminal matter in which Brooks was charged via Information with one count of DUI, 4th offense, in violation of § 61-8-401(1)(d), MCA, for an incident that occurred on October 6, 2021. At the time the Information was filed, Brooks had two prior DUI convictions and she had a pending DUI, 3rd offense, charge from August 2021. In February 2022, Brooks was subsequently charged with another DUI, 3rd offense, in Missoula Municipal Court.

The State then filed an Amended Information on July 22, 2022, with the intention that all three of Brooks's outstanding DUI charges could be resolved together. A proposed plea agreement called for Brooks to plead guilty to Count I: DUI, 3rd offense, a misdemeanor; and Count II: DUI, 4th offense, a felony. The remaining DUI charge, which had initially been filed in Missoula Municipal Court, would be dismissed.

However, on August 8, 2022, the District Court *sua sponte* dismissed Count II. The court did so because it determined that, under § 61-8-1008(1)(a), MCA (2021), the State is statutorily limited to considering final convictions that exist on the date of the offense charged for determining if a DUI is a 4th or subsequent offense. The court further relied upon the definition of "conviction" found in § 61-8-1011(1)(b), MCA (2021), which provides inter alia, "An offender is considered to have been previously convicted for the

2

purposes of sentencing if less than 10 years have elapsed between the commission of the present offense and a previous conviction . . . ." The District Court determined that the State lacked probable cause to charge Brooks with a 4th offense DUI where she lacked the requisite three prior convictions.

The State then filed the present petition, arguing that the District Court erred as a matter of law in concluding that pending DUI charges cannot be counted as convictions for the purpose of determining whether another DUI charge is a 4th or subsequent offense. The State alleges that supervisory control is appropriate in this case because it has no mechanism by which it can directly appeal the District Court's ruling.

In its petition before this Court, the State argues that the District Court erred in determining that the State lacked probable cause to charge Brooks with a 4th offense DUI because she had a pending DUI charge that would have constituted the third prior offense if Brooks was ultimately convicted of this other pending charge. The State argues that the court should have reserved ruling upon the matter until sentencing because the issue is a sentencing factor and not an element of the offense.

In response, the District Court asserts that the issue is a matter of statutory interpretation, and the clear language of § 61-8-1011(1)(b), MCA (2021), provides that the conviction must be a "previous conviction," and therefore must exist at the time of the "commission of the present offense." As such, Brooks's pending DUI charge could not qualify as a "previous conviction" under the statute.

Statutory language must be construed according to its plain meaning and if the language is clear an unambiguous, no further interpretation is required. *Maier v. State*, 2021 MT 296, ¶ 8, 406 Mont. 280, 498 P.3d 755 (quotation and citation omitted). In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Section 1-2-101, MCA.

A district court's statutory interpretation is a question of law, which we review for correctness. *Maier*, ¶ 7. In this case, the State has not satisfied its burden of demonstrating

3

that the District Court is proceeding under a clear error of law. The State has thus not demonstrated that exercise of supervisory control is proper here.

IT IS THEREFORE ORDERED that the State's Petition for Writ of Supervisory Control is DENIED.

The Clerk is directed to provide immediate notice of this Order to all counsel of record in the Fourth Judicial District Court, Missoula County, Cause No. DC-2021-568, and the Honorable Jason Marks, presiding.

DATED this 20 day of December, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

4