FILED

02/28/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0314

DA 22-0314

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 38N

DAVID ALLEN PEIN,

   Petitioner and Appellant,

 v.

STATE OF MONTANA,

   Respondent and Appellee.

APPEAL FROM: District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DV-22-39
Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

   David Allen Pein, Self-Represented, Lewistown, Montana

   For Appellee:

   Austin Knudsen, Montana Attorney General, Bree Gee, Assistant Attorney
General, Helena, Montana

   Jean Adams, Fergus County Attorney, Lewistown, Montana

Submitted on Briefs: February 8, 2023

Decided: February 28, 2023

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     David Allen Pein appeals from the May 24, 2022 order of the Tenth Judicial District Court, Fergus County, denying his petition for expungement of his felony conviction of criminal possession of dangerous drugs with intent to distribute, filed in accordance with the Montana Marijuana Regulation and Taxation Act (MMRTA). We affirm.

¶3     On October 17, 2016, Pein was charged with nine counts related to his possession and distribution of marijuana. Pursuant to a plea agreement, Pein pled guilty to a single felony count of criminal possession of dangerous drugs with intent to distribute. Pein's conviction was based, in part, on 439 grams (15.49 ounces) of marijuana that was seized during a search of his home.

¶4     On April 20, 2022, Pein petitioned the District Court to expunge his conviction, contending that the "amounts of marijuana are within the legal limits." The State objected, noting, in relevant part, that Pein was not eligible for expungement because "[p]ossessing 439 grams of marijuana with the intent to distribute is not permitted by the [MMRTA]." After reviewing the filings and the record of the underlying criminal case, the District Court agreed with the State and denied Pein's petition.

¶5     "A district court's statutory interpretation is a question of law, which we review for correctness." *Rairdan v. State*, 2021 MT 247, ¶ 6, 405 Mont. 467, 495 P.3d 1050 (internal

2

citations omitted). The MMRTA allows a person to possess less than one ounce of useable marijuana; the possession of more than one ounce, but less than two ounces, is punishable by a civil fine or community service. *Maier v. State*, 2021 MT 296, ¶ 10, 406 Mont. 280, 498 P.3d 755. Pein pled guilty to possession with intent to distribute more than fifteen ounces of marijuana.[1] Fifteen ounces is more than two ounces. The District Court did not err by denying Pein's petition.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's Order Denying Expungement is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

---

[1] Pein argues that the amount of marijuana for which he was actually convicted of possessing is not stated in the judgment. Although the amount was not stated in the judgment, the expungement statute requires only that the County Attorney "provide[] the court with a reasonable basis on which the petitioner does not satisfy the criteria" for expungement. Section 16-12-113(2), MCA. In his plea agreement, Pein acknowledged that the "facts and circumstances of the crimes to which I will plead guilty are substantially as stated in the affidavit filed in support of the motion for leave to file the Information in this case." In its objection to Pein's Petition for Expungement, the State submitted the Motion and Affidavit in Support for Leave to File Information, which stated that the "total weight of seized marijuana is 439 grams." The State provided the District Court with a reasonable basis to hold that Pein did not satisfy the criteria for expungement.