FILED

08/15/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0497

DA 22-0497

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 159N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

THOMAS RONALD KNUDSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                  In and For the County of Chouteau, Cause No. DC-09-16
                  Honorable Kaydee Snipes Ruiz, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Thomas Ronald Knudson, Self-Represented, Shelby, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Bree Gee, Assistant
          Attorney General, Helena, Montana

          Stephen A. Gannon, Chouteau County Attorney, Fort Benton, Montana

Submitted on Briefs:  June 28, 2023

Decided:  August 15, 2023

Filed:

_____
              Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Thomas Ronald Knudson appeals from the Twelfth Judicial District Court Order denying his petition to expunge his conviction for Distribution of Dangerous Drugs. Knudson contends the District Court erred by holding that he was not entitled to expungement because he was convicted of an act that is not permitted under the Montana Marijuana Regulation and Taxation Act, (MMRTA). We affirm.

¶3 Knudson was charged with three counts of felony Distribution of Dangerous Drugs in violation of § 45-9-101, MCA, for selling marijuana to Nolan Bushman for approximately five months. On September 21, 2010, Knudson pled guilty to one count of Distribution of Dangerous Drugs. As part of the factual basis for the plea agreement, he agreed:

> Between the dates of August 29, 2009, and October 17, 2009, [Knudson] distributed dangerous drugs, namely marijuana, by selling marijuana to Nolan Bushman in Fort Benton, Chouteau County, Montana.

Knudson was sentenced to 20 years with the Department of Corrections, with 17 years suspended, subject to conditions.

¶4 On May 3, 2022, Knudson filed a petition with the District Court to expunge his conviction, alleging that his conviction for Distribution of Dangerous Drugs was now permitted under the MMRTA. The District Court denied the petition. It found that

2

"[p]ursuant to § 16-12-113, MCA, Knudson is not eligible for expungement or resentencing since the act for which he is currently serving a sentence is not permitted under Chapter 12, Marijuana Regulation and Taxation."

¶5 We review a district court's statutory interpretation for correctness. *Maier v. State*, 2021 MT 296, ¶ 7, 406 Mont. 280, 498 P.3d 755. Montana courts have jurisdiction to expunge criminal records pursuant to statute. *Maier*, ¶ 8.

¶6 Knudson contends on appeal that he did not distribute a dangerous drug for consideration. He asserts that the "charging Information and affidavit, as well as the sentence and judgement [sic] conviction, never explain how the marijuana was distributed." He asserts "[i]n fact the act of distribution [] was performed by giving it away and therefore, without consideration."

¶7 The MMRTA permits a person to possess one ounce of usable marijuana and to transfer, deliver, or *distribute without consideration*, one ounce or less of usable marijuana to a person aged 21 years or older. Section 16-12-106(1)(a), (b), MCA (emphasis added). A person who has completed a sentence for an act that is permitted under the MMRTA, may petition the sentencing court to expunge his conviction. Section 16-12-113(5)(i), MCA. Upon receiving a petition, the court shall presume the petitioner satisfies the criteria for expungement, "unless the county attorney provides the court with a reasonable basis on which the petitioner does not satisfy the criteria." Section 16-12-113(6), MCA.

¶8 The MMRTA does not allow a person to distribute marijuana for consideration. *See* § 16-12-106(1)(b), MCA. Knudson acknowledged in his plea agreement that he "distributed dangerous drugs, namely marijuana, by *selling* marijuana" to Bushman.

3

(Emphasis added.)  Knudson was convicted of a crime that the MMRTA does not permit. He is not eligible for expungement.

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's interpretation and application of the law was correct.  We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ JIM RICE

4